[No. 25186. Department One. December 1, 1934.]

RONALD W. MEIER, *as Receiver, Respondent,* v. THE COMMERCIAL TIRE COMPANY, *Appellant.*[1]

*John J. Sullivan* and *Everett O. Butts,* for appellant.
*Mifflin & Mifflin,* for respondent.

TOLMAN, J.—This is an action to recover a preferential payment. The plaintiff was awarded a judgment as demanded, and the defendant has appealed.

The material facts are not now in dispute, and, as found by the trial court, they may be briefly summarized as follows: On June 11, 1931, the appellant obtained a judgment by confession against Colsen Co., Inc., a corporation, and immediately thereafter caused a writ of garnishment to issue to a debtor of Colsen Co., Inc. By means of the garnishment proceeding and after a contest, the appellant obtained a judgment against the garnishee, and collected from it the sum of $407.25 on February 23, 1932, which fully satisfied its judgment against Colsen Co., Inc.

Colsen Co., Inc., had been insolvent for some time prior to the entry of the original judgment against it,

[1] Reported in 38 P. (2d) 383.

was then insolvent, and has so remained ever since. The appellant at all times had knowledge of that insolvency, as was admitted in open court; and the effect of the collection by it, through the garnishment proceedings, was to give to the appellant a preference over the other creditors of Colsen Co., Inc.

On January 29, 1932, more than four months after the rendition of the original judgment by confession against Colsen Co., Inc., and more than four months after the issuance and service of the writ of garnishment, application was duly made by another creditor for the appointment of a receiver for Colsen Co., Inc., which resulted in the appointment of the respondent and his qualification on March 31, 1932. Immediately thereafter, the respondent, as such receiver, made demand upon the appellant for the payment to him of the amount which it had theretofore collected under the garnishment proceedings; and that demand being uncomplied with, this action followed.

The only question here to be determined is the meaning and effect of Rem. Rev. Stat., § 5831-2 [P. C. § 4532-2]. The statute, so far as now material, reads:

"a. A corporation shall be deemed to have given a preference if, being insolvent, it has, within four months before the filing of an application for the appointment of a trustee, receiver, or other liquidating officer of such corporation, procured or suffered a judgment to be entered against itself in favor of any person, or made a transfer of any of its property, and the effect of the enforcement of such judgment or transfer will be to enable any one of the creditors of said insolvent corporation to obtain a greater percentage of his debt than any other of such creditors of the same class.

"b. If a corporation shall have procured or suffered a judgment to be entered against it in favor of any person or has made a transfer of any of its property, and if, at the time of the transfer, or of the entry of

the judgment, the corporation be insolvent and the judgment and transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee, receiver, or other liquidating officer of said insolvent corporation, and he may recover the property or its value from such person."

In the light of the trust fund doctrine adopted by this court in *Thompson v. Huron Lumber Co.*, 4 Wash. 600, 30 Pac. 741, 31 Pac. 25, and thereafter followed without deviation until the adoption of the statute quoted in 1931, it seems obvious that the purpose of the legislature was to mitigate the harshness of the rule when applied to a creditor who, in good faith and without knowledge of the insolvency, has received a payment more than four months before the filing of an application for the appointment of a receiver.

Subdivision (a) of the statute enacts our court-made rule that all such payments, made within the four month period shall be voidable, just as they have been prior to the adoption of the statute; and subdivision (b) enacts the same rule as to all payments made before the four month period in all those cases where the creditor receiving the payment has reasonable cause to believe that a preference would thus be created. A creditor who, without knowledge of insolvency or of other facts indicating a preference, receives his money more than four months before other creditors begin to act, is thus by clear and necessary implication protected by the statute.

We had occasion to consider this statute in *Sterrett v. White Pine Sash Co.*, 176 Wash. 663, 30 P. (2d) 665, and though the question here presented was not in that case, yet it was there said:

"The payments having been made more than four months prior to the filing of the application for the appointment of a receiver, subdivision (a) of section 2 of the act could have no application, whatever view might be taken as to whether the act was prospective or retroactive. . . . If the act be retroactive, then the judgment could not be sustained, because it was not found, as provided in subdivision (b) of section 2 of the act, that the appellant had reasonable cause to believe that the Woodall Company was insolvent at the time it received the payments and that such payments would effect a preference."

Clearly, this court then understood the statute to mean what we now say it means; and it appearing by its own admission and by the findings of the trial court that appellant knew at all times that Colsen Co., Inc., was insolvent, and that a payment to it would effect a preference, it is clear that, without reference to the time when the payment was made, the payment to it was, by section (b) of the statute, made voidable by the receiver.

The judgment of the trial court is right, and it must be, and it is, affirmed.

BEALS, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.