**ENGSTROM v. DE VOS.**

Civ. A. No. 724.

United States District Court
E. D. Washington, N. D.

Jan. 5, 1949.

Eggerman, Rosling & Williams, of Seattle, Wash., for plaintiff.

Hughes & Jeffers and Sam R. Sumner, all of Wenatchee, Wash., for defendant.

DRIVER, Chief Judge.

Plaintiff brought this action as trustee of Northwest Chemurgy Cooperative, a bankrupt corporation, referred to as "Chemurgy" in this opinion, to recover an alleged unlawful preference. The basic facts, as stated in the complaint, which was filed on May 28, 1948, are as follows:

On May 29, 1947, Chemurgy filed a petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., but was unable to consummate the proposed arrangement and was adjudicated bankrupt on December 13, 1947. Plaintiff was appointed trustee on January 6, 1948. For at least four months immediately prior to May 29, 1947, Chemurgy was unable to pay its debts in the ordinary course of business and was insolvent within the meaning of the laws of the State of Washington. During that time, it paid to defendant a certain amount upon an antecedent debt. The prayer is for judgment against the defendant in that amount.

As expressly avowed in the complaint, the action is based upon a Washington statute, which provides that within specified limitations, a receiver (defined to include trustee) may recover a preference, made by an insolvent corporation.[1] The limitations are, first, that the preference must occur within four months prior to the date of application for the appointment of the trustee and, second, that the action to recover the preference must be commenced within six months thereafter. Defendant's motion to dismiss challenges the sufficiency of the complaint to show compliance with the statutory limitations. If a claim, upon which relief can be had, has not been made out in accordance with the statute, the motion should be granted.[2]

---

[1] Chap. 103, Laws of Wash., 1941 (Rem.Supp.1941, Secs. 5831—4, 5831—5, 5831—6), which reads, in part, as follows: "Section 1. Words and terms used in this act shall be defined as follows: (a) 'Receiver' means any receiver, trustee, common law assignee, or other liquidating officer of an insolvent corporation. (b) 'Date of application' means the date of filing with the Clerk of the Court of the petition or other application for the appointment of a receiver, pursuant to which application such appointment is made; or in case the appointment of a receiver is lawfully made without court proceedings, then it means the date on which the receiver is designated, elected or otherwise authorized to act as such. (c) 'Preference' means a judgment procured or suffered against itself by an insolvent corporation or a transfer of any of the property of such corporation, the effect of the enforcement of which judgment or transfer at the time it was procured, suffered, or made, would be to enable any one of the creditors of such corporation to obtain a greater percentage of his debt than any other creditor of the same class. Sec. 2. If not otherwise limited by law, actions in the courts of this state by a receiver to recover preferences may be commenced at any time within but not after six (6) months, from the date of application for the appointment of such receiver. Sec. 3. Any preference made or suffered within four (4) months before the date of application for the appointment of a receiver may be avoided and the property or its value recovered by such receiver. No preferences made or suffered prior to such four (4) months' period may be recovered, and all provisions of law or of the trust fund doctrine permitting recovery of any preference made beyond such four (4) months' period are hereby specifically superseded."

[2] The complaint does not state a claim for avoidance of a preference under Sec. 60 of the Bankruptcy Act, 11 U.S.C.A. § 96, since that section requires a showing that the favored creditor had reasonable cause to believe the debtor was insolvent. The Washington Statute has no such requirement.

The crucial event on which the reckoning of time is based as to both limitations is the filing of the application for the appointment of the trustee. The first inquiry in the present case, then, logically, should be whether the filing of the petition for an arrangement was equivalent to an application for the appointment of the trustee within the meaning of the Washington Act. Section 376, Chapter 11, of the Bankruptcy Act, 11 U.S.C.A. 776, provides that when an original petition for arrangement is filed and the arrangement is not consummated, the court may, without any further pleading, adjudicate the debtor a bankrupt and carry on the bankruptcy proceedings in the usual way. The petition for arrangement, from its inception, serves the purpose of an alternative petition for adjudication. When the arrangement fails of accomplishment, adjudication and subsequent bankruptcy proceedings, including the appointment of a trustee, follow as a matter of course. The petition for arrangement is the only petition, or application, ever filed, pursuant to which the appointment of the trustee is made. In legal effect, it is the same thing as the application for the appointment of the trustee.

The petition was filed herein on May 29, 1947, and the action was not commenced until May 28, 1948. Obviously, it is barred by the requirement of the State statute that it be commenced within six months, if that statute is applicable and is not superseded by some over-riding provision of the Federal Bankruptcy Act.

The plaintiff earnestly urges that the State statute is not applicable because of the following language (italicized for emphasis) of Section 2, namely: *"If not otherwise limited by law,"* an action may be brought by a trustee *"in the courts of this state"* to recover a preference within but not after six months from the filing of the petition for the appointment of the trustee. The argument is that the action is "otherwise limited" by the general two-year limitation in Section 11, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. e, and, furthermore, that the six months' limitation in the State Act, by its terms, is restricted to State court actions and is wholly inoperative in actions prosecuted in the Federal Courts. I do not so construe the State Act. I think that the words, "if not otherwise limited by law," apply only to the affirmative grant of the right to bring the action within the specified time and should not be construed, as plaintiff's argument implies, to mean "unless otherwise extended by law." The statute says that an action to recover a preference *may* be brought in six months, but the phrase under consideration makes it clear that the grant is not an absolute one and will not sustain an action barred by some other applicable law. It may have been included in Section 2 in order to avoid all possibility of conflict with the provision of Section 3 (Rem.Rev.Stat. 5831—6) limiting recovery of preferences to transactions which occurred within four months prior to the application for appointment of the receiver or trustee. The language of Section 2 makes it clear that if the action is barred by Section 3, the affirmative grant in Section 2 will not revive it.

Moreover, I think the language in Section 2 "in the courts of this State," should not be construed as a legislative declaration that if the action to set aside a preference is brought in a Federal Court, or in a court of a foreign state, the six months' limitation does not apply. The statute is a further modification of the trust fund doctrine, a long-standing Washington rule that the assets of an insolvent corporation constitute a trust fund for the benefit of its creditors and that transactions, which prefer one creditor over another, are voidable.[3] The Washington Supreme Court had described the doctrine as "our court-made rule."[4] It was a natural thing for the Legislature, in restricting it, to use the expression, "in the courts of this state". The six months' limitation in Section 2, since it is an integral part of the statute grant-

---

[3] See Whiting v. Rubenstein, 7 Wash. 2d 204, 214, 109 P.2d 312. There was an earlier restriction of the trust fund doctrine in Chap. 47, Laws of Wash., 1931, Rem.Rev.Stat. 5831—1, 5831—2,

5831—3, repealed by the 1941 Act (Chap. 103, Laws of Wash., 1941).

[4] Meier v. Commercial Tire Co., 179 Wash. 449, 451, 38 P.2d 383, 384.

858

ing the right of action, by a generally accepted rule, is not an ordinary limitation of the remedy, but a limitation of the right, which must be accepted and applied by the courts of any other state where an action to enforce the right may be brought.[5] It would, indeed, be a violent assumption that the Legislature, by the mere use of the phrase, "in the courts of this state," intended to set aside the well known rule and make its express, special limitation of the right of action, which it had created, operative only in the courts of Washington and not in any other courts.

Plaintiff argues that even if the six months' limitation, set up by the Washington statute, is applicable in Federal Court actions, the limitation, never-the-less, is superseded by Section 11, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. e, which provides, in part:

"A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy."

■ I think that there is merit in the argument. The language of the section is clear and unambiguous. It specifically authorizes a trustee to bring an action, within two years after adjudication, on a claim which would have expired by State law between the date of the filing of the petition and the date of adjudication. The legislative history of § 11, sub. e, moreover, indicates that such was the intention of Congress.[6]

Prior to the passage of the Chandler Act, 52 Stat. 840, in 1938, Section 11, sub. d of the Bankruptcy Act of 1898, 30 Stat. 544, 549, 11 U.S.C.A. § 29, sub. d, barred actions

brought by or against trustees subsequent to two years after the bankrupt estate had been closed. There was a sharp conflict among the courts as to whether it took precedence over State statutes of limitation in cases inherited by the trustee from the bankrupt or from his creditors. One of the main reasons for the enactment of the new Section 11, sub. e, was to settle that conflict by giving the trustee the right to bring any type of action, whether acquired by inheritance or otherwise, within two years after adjudication if the limitation under applicable Federal or State law had not expired at the time of the filing of the petition for adjudication.[7]

Defendant argues, however, that since the six months' limitation is contained in the same State statute, which creates the right of action, compliance with its requirements is a condition precedent to the bringing of the action and that the plaintiff must take the statute with the condition or not at all.

■■ As stated above, the six months' limitation in the State statute is not an ordinary limitation that a defendant may assert as a remedial bar, but is a condition upon the substantive right to recover a preference under the statute. It has, in fact, been so construed by the Washington Supreme Court.[8] Congress, however, under the Federal Constitution, has the broad power to establish uniform laws on the subject of bankruptcies. U.S.Const., Art. I, Sec. 8, Clause 4. That subject has been defined by the Supreme Court as "the relations between an insolvent or nonpaying or fraudulent debtor, and his creditors extending to his and their relief." Wright v. Union Central Life Ins. Co., 304 U.S. 502, 513, 58 S.Ct. 1025, 1032, 82 L.Ed. 1490. This broad power of Congress, when it comes into conflict with State law, is not limited to the procedural field. It may,

---

[5] See Restatement, Conflict of Laws, Sec. 605; 15 C.J.S., Conflict of Laws, § 22e.

[6] See Sproul v. Gambone, D.C., 34 F. Supp. 441, 444, and Herget v. Central Nat. Bank & Trust Co., 324 U.S. 4, footnote 5, page 7, 65 S.Ct. 505, 89 L.Ed. 656.

[7] For an enlightening discussion of the

conflict under old Sec. 11, sub. d, and the effect upon it of the enactment of the new Sec. 11, sub. e of the Chandler Act, see McBride v. Farrington, D.C., 60 F. Supp. 92. See also Herget v. Central Bank Co., cited in footnote 6.

[8] Morris v. Orcas Lime Co., 185 Wash. 126, 130, 53 P.2d 604; Peoples v. Hayes, 4 Wash.2d 253, 257, 104 P.2d 305.

and, in practice, frequently does, affect substantive rights as well. The discharge of a debtor directly and vitally affects the substantive rights of his creditors.

 A Court of Bankruptcy may adversely affect the substantive interests of lien holders, pledgees, and mortgagees by marshalling the liens and selling the property free of encumbrances, or by enjoining the sale of collateral or of the mortgaged real property in order to effectuate the purposes of the Bankruptcy Act.[9] The only restrictions on the plenary, constitutionally conferred bankruptcy power of Congress are those to be found in other provisions of the Constitution. In the exercise of the power, Congress may alter and adversely affect substantive property rights so long as it does not go beyond the limits fixed by the due process clause,[10] or by the clause which forbids the taking, without just compensation, of private property for public use,[11] of the Fifth Amendment.

 It is my conclusion, therefore, that by the enactment of Section 11, sub. e, of the Chandler Act, Congress undertook to supersede a State statute of limitations in a case such as the one now before me, regardless of whether the limitation would bar the remedy or the right and that in so doing, Congress did not exceed the power conferred upon it by the bankruptcy provisions of the Constitution. My views find support in Sproul v. Gambone, D. C., 34 F. Supp. 441 (cited in footnote 6), decided in 1940. There the Court had under consideration a Pennsylvania bulk sales statute, 69 P.S. § 521 et seq., which provided that a proceeding against the purchaser to set aside a sale prohibited by the Act must be brought within ninety days after the date of sale. The action in the Federal District Court was not brought until after the ninety-day period had expired. The plaintiff contended that Section 11, sub. e of the Bankruptcy Act superseded the limitation fixed by the State law and the Court sustained his contention.

The case of In re Appalachian Publishers, Inc., D. C., 29 F.Supp. 1021, appears to be contrary to my views. There the court held that a special limitation in a Federal Statute took precedence over the general two-year limitation in the Bankruptcy Act. However, the opinion does not discuss Section 11, sub. e of the Chandler Act and the case was decided in 1939, before the Supreme Court, in Herget v. Central Bank Co. (cited in footnote 6), had expressed its conception of the broad reach of that section. At any rate, I do not accept the theory that when a statute, creating a right of action, imposes a time limit on its exercise, the right does not come into existence at all unless and until an action to enforce it is instituted within the specified time. I prefer the reasoning, implicit in Sproul v. Gambone, that such a limitation does not prevent the genesis of the right, but only makes provision for its expiration when the limitation has run.

In the present case, upon the filing of the petition for appointment of a trustee, within four months after the preference alleged in the complaint, a right of action came into being under the terms of the State statute and the right continued to exist for a period of six months. At the expiration of that time, the right of action ordinarily would have died, but in this case, Section 11, sub. e of the Bankruptcy Act preserved and extended it for the period of two years subsequent to adjudication.

The defendant's motion to dismiss will be denied.

---

[9] Van Huffel v. Harkelrode, 284 U.S. 225, 227, 52 S.Ct. 115, 76 L.Ed. 256, 78 A.L.R. 453; Continental Illinois Nat. Bank & Trust Co. v. Chicago R. I. & P. Ry. Co., 294 U.S. 648, 680–681, 55 S. Ct. 595, 77 L.Ed. 1110; Wright v. Vinton Branch, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455.

[10] Wright v. Union Central Life Ins. Co., 304 U.S. 502, 58 S.Ct. 1025, 82 L. Ed. 1490.

[11] Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106.