## SCHNEIDMILLER v. ENGSTROM.

### No. 12235.

United States Court of Appeals
Ninth Circuit.

Oct. 4, 1949.

Joseph L. Hughes, Wenatchee, Wash., Benjamin H. Kizer, Spokane, Wash. (Graves, Kizer & Graves, Spokane, Wash., of counsel), for appellant.

Eggerman, Rosling & Williams, DeWitt Williams, Seattle, Wash., for appellee.

Before HEALY, and BONE, Circuit Judges, and GOODMAN, District Judge.

PER CURIAM.

We agree with the conclusion of Judge Driver, 81 F.Supp. 854, that the applicable limitation is the two year limitation of Section 11, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. e, and not the six months limitation of the Washington Statute. Laws of Washington, 1941, Chapter 103, Sections 1, 2, 3; Remington's Revised Statutes Supplement 1941, Sections 5831—4, 5831—5, 5831—6.

We think the question raised on appeal, as to whether the petition for arrangement filed pursuant to Chapter 11 of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., is the equivalent of an application for the appointment of a receiver or trustee within the meaning of the Washington Statute, is properly resolved as follows:

There is no doubt that if the petition (for arrangement) filed on May 29, 1947 had been an orthodox voluntary petition for adjudication it would have amounted to an application for the appointment of a receiver or trustee, inasmuch as, under the Bankruptcy Act, appointment of a receiver or trustee would follow as a matter of law.

Since Section 352 of Chapter 11, 11 U.S.C.A. § 752, treats a petition for arrangement filed under Section 322 of Chap-

ter 11, 11 U.S.C.A. § 722, in the event of subsequent adjudication, in all respects, as if it (the petition for arrangement) were a voluntary petition for adjudication in bankruptcy, we hold the petition for arrangement to be a petition for the appointment of a receiver or trustee within the contemplation of the Washington statute.

The judgment of the District Court is therefore affirmed.