**UNITED STATES of America For the Use and Benefit of Bernard BARUCH, Trustee in Bankruptcy of Indiana Steel Tank Corporation, a Bankrupt, Plaintiff,**

v.

**PAUL HARDEMAN, INC., and Morrison-Knudsen Company, Inc., et al., Defendants.**

**Civ. No. 66–105–Orl.**

United States District Court
M. D. Florida,
Orlando Division.

Sept. 15, 1966.

Bishop, Bornstein, Turnbull & Petree, Orlando, Fla., for plaintiff.

Parker & Battaglia, St. Petersburg, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER

GEORGE C. YOUNG, District Judge.

This cause came on for hearing on the defendants' motion to dismiss the complaint on the grounds that it is precluded by the two year statute of limitations of Section 11(e) of the Bankruptcy Act, 11 U.S.C. § 29(e),[1] and/or the one year statute of limitations of the Miller Act, 40 U.S.C. § 270b(b).[2]

This action was instituted by a materialman who supplied a subcontractor on a government project during the time the materialman was conducting business as a debtor in possession pursuant to Chapter XI, Section 322 of the Bankruptcy Act, 11 U.S.C. Section 722. The arrangement petition was filed March 31, 1964. Materials were supplied from July through October 1964, the latter being the date that the Miller Act statute of limitations began to run. On February 15, 1965, plaintiff-materialman was adjudicated a bankrupt. The present suit was instituted by the trustee in bankruptcy on April 1, 1966. Thus, this suit was instituted more than one year after the accrual of the action upon which it is based and more than two years from the date of filing of the petition for arrangement, but less than two years after the date of the adjudication of bankruptcy of the debtor.

Defendants contend that the Miller Act statute of limitations bars this action because that statute is a "substantive" provision that cannot be supplanted by Section 11(e). Readily conceding that the Miller Act statute of limitations is substantive, United States ex rel. Statham Instruments Inc. v. Western Casualty & Surety Company, 359 F.2d 521 (6th Cir. 1966), the distinction between "remedial" and "substantive" is not generally recognized, 1 Collier on Bankruptcy, 1199, note 8 (14th ed. 1964), and has been rejected by the 5th Circuit, Dower v. Beaumont, 313 F.2d 596 (5th Cir. 1963). It appears clear that Section 11(e) extends the limitation period of actions pending at the time of filing the petition in bankruptcy whether such statute of limitations is federal or state.

Defendants next contend that the Miller Act statute of limitations bars this suit because it is unprotected by Section 11(e). This argument is grounded on relating the date of adjudication of bankruptcy back to the date of filing of the petition for arrangement in accordance with Section 378(2), 11 U.S.C. Section 778(2):

"(U)pon the entry of an order directing that bankruptcy be proceeded

---

1. "A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy." * * *

2. "Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, * * * but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him. * * *"

with * * * the proceeding shall be conducted, so far as possible, in the same manner and with like effect as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered on the day when the petition under this chapter (XI) was filed * * *."

By substituting the date of filing the arrangement petition for the date of adjudication of bankruptcy, defendants urge two alternative results, either of which would bar this suit.

First defendants assert that Section 11(e) is not applicable because that section does not apply to a chose of action accruing during the whole of the bankruptcy proceedings, and according to defendants, arrangement and straight bankruptcy are one continuous proceeding.

■ It is true that Section 11(e) does not extend the period fixed by law for a trustee in bankruptcy to bring an action that accrued to him during his administration.[3] Stanolind Oil & Gas Co. v. Logan, 92 F.2d 28, 31 (5th Cir. 1937). From this premise, defendants reason that since the debtor in possession is vested with all the powers of a trustee,[4] Section 11(e) does not extend the time for suit on an action accruing during possession by the debtor under Chapter XI. This reasoning would be valid if the debtor is the party suing in its own behalf, because as long as the plan of arrangement is successful, the debtor in possession stands on equal footing with a trustee.

■ But when the debtor is adjudicated bankrupt pursuant to Section 376 (2), straight bankruptcy proceeds. The attempt to keep the assets of the corporation working for the benefit of creditors has failed. The responsibilities of the debtor in possession have come to an end, and a trustee in bankruptcy, who is normally a stranger to the estate, has not participated in making schedules of assets, and knows little or nothing about the affairs of the bankrupt, Nicholas v. United States, 384 U.S. 678, 700, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966) (Opinion of J. White), is appointed to liquidate the estate.

■ Therefore, this Court views the debtor in possession as separate and apart from the trustee in bankruptcy and holds that a chose of action accruing to the debtor in possession is not deemed to be accrued during the administration of the trustee in bankruptcy, so as to prevent the application of 11(e) to the chose if it is unexpired at the date the debtor is adjudged bankrupt under Section 376(2). As stated in Nicholas v. United States, supra, in which the accumulation of interest on debts incurred while the debtor was in possession was held to be suspended on the date of the superseding adjudication of bankruptcy:[5]

* * * (T)he circumstances of the present case commend a division into three periods—the pre-arrangement period, the arrangement period, and the liquidating bankruptcy period.

3. This Court recognizes but does not rule on the special problem that might arise in the application of Section 11(e) to a chose in action, if the chose in action accrues during a Chapter XI, Section 322 proceeding in which a receiver has previously been appointed pursuant to Sections 332 and 337 of the Act. A completely distinct analysis of the receiver's duties, obligations and powers would be required.

4. Section 342, 11 U.S.C. Section 742: "Where no receiver or trustee is appointed, the debtor shall * * * exercise all the powers of a trustee appointed under this act * * *."

5. Three members of the Court also favored absolving the trustee from penalties due for failure to file a return for liability incurred by the debtor in possession, stating: "In sum, there is no basis in law for treating the debtor in possession and the trustee as one person, and the Court's error is in merging together two distinct periods of the estate for purposes of assessing responsibility for filing returns when it quite carefully, and correctly, separated them for purposes of determining liability to pay interest." 384 U.S. at 699, 86 S.Ct. at 1688 (Opinion of Justice White).

* * * 384 U.S. at 686, 86 S.Ct. at 1681.

Nothing in the general language of § 378(2) of the Bankruptcy Act, 11 U.S.C. § 778(2), (1964 ed.), which provides that a bankruptcy proceeding superseding by a Chapter XI proceeding "shall be conducted, so far as possible, in the same manner and with like effect as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered on the day when the petition under this chapter [XI] was filed," requires us to collapse these important distinctions between an arrangement proceeding and a superseding bankruptcy and to treat the taxes in question here as though they were incurred in the bankruptcy proceeding itself. 384 U.S. at 685, 86 S.Ct. at 1680, note 13.

Defendants advance a second alternative result of relating the date of adjudication back to the filing of the arrangement petition. Defendants assert that even if Section 11(e) is applicable to a chose of action accruing while the debtor is in possession, nevertheless the two years provided by Section 11(e) begins to run on the date of filing the petition for arrangement so that this suit is barred by one day, March 31, 1964 vs. April 1, 1964.

The cases cited by defendants are distinguishable from the instant case because in those cases the action being sued upon accrued *prior* to the filing of the petition for arrangement. Further, commencing the running of the two years of Section 11(e) from the date of filing the petition for arrangement preserved actions which otherwise would have been expired at the date of adjudication of bankruptcy. See Schneidmiller v. Egsterom, 177 F.2d 196 (9th Cir. 1949); Dabney v. Levy, 191 F.2d 201 (2nd Cir. 1951); Harmon v. Willbern, 227 F.Supp. 892 (D.C.Kan.1964).

Construing the two years of Section 11(e) to begin running at the date of filing the petition for arrangement in cases in which the action accrued prior to the initiation of the arrangement proceedings is consistent with the policy and directive of Section 70(a) (5), 11 U.S.C. Section 110 sub. a(5):

"The trustee of the estate of a bankrupt * * * shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act * * * to all * * * property, including rights of action, which prior to the filing of the petition he could by any means have transferred * * *."

See 4 Collier on Bankruptcy, para. 70.05 (4), note 19 (14th ed. 1964).

 In this case, the action being sued upon by the trustee accrued to a corporate debtor in possession during an unsuccessful arrangement. Still, Section 70 (a) (5) is governing, for the * * * "trustee of a bankrupt corporation succeeds to the title of the corporation as to all rights, both common law and statutory, existing for the benefit of the corporation, and as such trustee it is his duty to enforce these rights, if valuable." 4 Collier on Bankruptcy, at 1294. However, in order to comply with Section 70 (a) (5) when the chose of action accrued to the debtor in possession, the date "initiating a proceeding under this Act" must be construed as the date the order is entered under Section 376(2) directing straight bankruptcy to proceed. 4 Collier on Bankruptcy, para. 70.09, pp. 999–1000, note 8. Obviously, the trustee cannot succeed to a chose of action as of the date of filing the petition for arrangement if the chose did not exist then. And if the trustee does not succeed to the chose, creditors are prejudiced without gain to the corporate debtor, which is dissolved after adjudication of bankruptcy. 1 Collier on Bankruptcy, para. 4.21(1). Therefore, any chose of action accruing to the corporation while the debtor is in possession is an accretion to the bankrupt's estate, 9 Collier on Bankruptcy, para. 10.13(1), note 14, and must be inherited by the trustee in bankruptcy with

the same rights as he would inherit those of any other bankrupt, including the full benefit of Section 11(e).

Moreover, this Court does not believe that relating the date of adjudication of bankruptcy back to the date of filing the petition of arrangement is possible in this case because it would flout the purpose of the Miller Act. The Miller Act was designed to foster immediate payment to those supplying government projects in order to prevent financial embarrassment that might result to them from a protracted delay in payment. A Miller Act surety, who pledged immediate payment, should not escape its liability by asserting that the period for which it was obligated to pay began running prior to the actual accrual of its obligation. This Court will not tacitly approve withholding payments due a materialman undergoing an arrangement in hopes that bankruptcy will result and that the inevitable delay in appointing a trustee and in bringing suit will cause one year to elapse from the date the last materials were supplied and two years from the date the petition for arrangement was filed.

The underlying Miller Act chose of action in this case accrued to the debtor in October of 1964. The debtor was adjudged a bankrupt on the following February 15, 1965. Therefore, the chose of action was unexpired at that date and succeeded to the trustee in bankruptcy. The trustee instituted suit on April 1, 1966, within 10 months of the outside limit authorized by Section 11(e). Since the date of adjudication of bankruptcy has been construed here to be the actual date of adjudication instead of the date of filing of the petition for arrangement (March 31, 1964), this action is not barred by Section 270b(b) of the Miller Act or otherwise, and it is

Ordered and adjudged that the defendants' motion to dismiss be and hereby is denied, and defendants shall have twenty (20) days from date hereof within which to answer the complaint.