**UNITED STATES for the Use of HILLS-DALE ROCK CO., INC., a California Corporation, Plaintiff,**

v.

**CORTELYOU & COLE, INC., a corporation, and United Pacific Insurance Group, a corporation, Defendants.**

**No. C–51142 ACW.**

United States District Court,
N. D. California.

Sept. 4, 1975.

The Stanford Linear Accelerator Center is a national facility owned by the United States and operated by Stanford University under contract with the Atomic Energy Commission. Accordingly, any person awarded a contract to perform construction work at the Accelerator Center must comply with the bonding requirements of the Miller Act. 40 U.S.C. § 270a.

Pursuant to a contract with the United States Atomic Energy Commission, Stanford University entered into a contract with defendant Cortelyou & Cole, Inc., under which Cortelyou & Cole would be the general contractor on the construction project. Pursuant to this contract Cortelyou & Cole furnished a payment bond naming the United States and Stanford University as co-obligees and in its terms conforming to the requirements of the Miller Act. Cortelyou & Cole then contracted with Frank Bottari Company, Inc., to perform certain of the paving work. Cortelyou & Cole and Bottari agreed in writing that Use-Plaintiff herein, Hillsdale Rock Company, Inc., could perform a portion of the work Bottari had agreed to do. Pursuant to this written agreement, Bottari ordered a portion of the work, consisting of labor and materials for paving, to be furnished by Hillsdale Rock. Hillsdale Rock fully performed according to its agreement but was never paid by Bottari. Bottari became bankrupt, and this lawsuit followed.

On July 15, 1971, this Court entered an Order dismissing the action, and the Court of Appeals for the Ninth Circuit reversed because the Use-Plaintiff failed to allege compliance with the notice requirements of the Miller Act. 40 U.S.C. § 270b. On remand the Use-Plaintiff approximately amended its complaint, and the record sustains the allegation in the amended complaint that the proper party was given adequate notice in compliance with the Miller Act. Notice is sufficient which is in writing and which under all the circumstances actually informs the prime contractor

Anderson, McMillan & Connolly, Burlingame, Cal., for plaintiff.

Williams, Van Hoesen & Brigham, San Francisco, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AFTER REMAND

WOLLENBERG, District Judge.

Hillsdale Rock Company, Inc., brought this action under the Miller Act, 40 U.S.C. § 270a et seq., to recover under a payment bond for certain work done at the Stanford Linear Accelerator Center at Stanford University.

that the claimant is looking to it for payment of a subcontractor's obligation. *United States v. Freethy*, 469 F.2d 1348, 1351 (9th Cir. 1972).

On March 16, 1971, Henry Matoza, Jr., President of Hillsdale Rock Company, Inc., filed an affidavit herein stating that a document entitled "Stop Notice and Notice to Withhold Funds" (attached as Exhibit C to the affidavit) was signed by Matoza on November 8, 1968.[1] The notice indicates that it is addressed to Cortelyou & Cole and to the Stanford Accelerator Center. Attached to the Supplemental Declaration of Winston L. Field, filed May 23, 1975, is a letter from the plant manager of the Stanford Accelerator Center to Hillsdale Rock Company, Inc., in response to Hillsdale Rock's notice of November 8. It is clear, therefore, that Stanford University, the only party with a direct contractual relationship with the United States, and the party which, strictly speaking, was to be notified of a claim under the Miller Act, received actual knowledge of the claim in writing. Accordingly, the Use-Plaintiff has complied with the notice requirement of 40 U.S.C. § 270b.

The question now is whether the bond in question is a Miller Act bond giving the Use-Plaintiff the right to proceed in federal court. The facts in this case are virtually the same as those in *Fidelity and Deposit Company of Maryland v. Harris*, 360 F.2d 402 (9th Cir. 1966). In the *Harris* case the California Institute of Technology (C.I.T.) operated the Jet Propulsion Laboratory under a contract with the National Aeronautics and Space Administration (N.A.S.A.). Pursuant to this contract, C.I.T. obtained authorization from N.A.S.A. to enter into subcontracts for the construction of the Central Engineering Building at the Jet Propulsion Laboratory. L. E. Dixon Company was engaged as the general contractor for the project, and Dixon furnished a payment bond naming the United States and C.I.T. as co-obligees. In an action to recover on the bond, the issue arose whether the bond was a Miller Act bond since it was not furnished by the party who had directly contracted with the United States. The Court of Appeals held that the bond furnished by Dixon was a Miller Act bond because Dixon functioned as the prime contractor for the project "whatever the words one may choose to employ to characterize the position of CIT in the contractual chain." 360 F.2d at 408.

In the present case, Cortelyou & Cole performed the identical function in an identical contractual situation as did Dixon in the *Harris* case. The same result is therefore appropriate. The Miller Act was passed to insure that those who contribute to the construction of buildings on United States Government property would receive payment, and the Act should be liberally construed to achieve this purpose. *MacEvoy Co. v. United States*, 322 U.S. 102, 107, 64 S. Ct. 890, 88 L.Ed. 1163 (1944). It is reasonable, therefore, for the Court to recognize and give effect to the actual function performed by Cortelyou & Cole in the contractual arrangement for the work performed at the Linear Accelerator Center and to construe the bond furnished to insure payment to subcontractors as a Miller Act bond.

Treating Cortelyou & Cole as the prime contractor, Hillsdale Rock's contract was with a subcontractor of the prime contractor, and Hillsdale Rock is therefore entitled to recover under a bond furnished pursuant to the Miller Act. *Fidelity and Deposit Company of Maryland v. Harris, supra*, 360 F.2d at 408. It is not in dispute that Hillsdale Rock fully performed according to its agreement, that the reasonable value thereof is $8,401.25, and that this sum has not been paid.

Accordingly, it is hereby ordered that Hillsdale Rock Company, Inc., recover of

---

1. This notice contains all the information which must be disclosed under the notice requirements of the Miller Act, 40 U.S.C. § 270b.

Defendants herein the sum of $8,401.25 plus interest at the rate of seven percent per year, and

It is further ordered that said interest is to run from the original due date of the obligation, October 15, 1968, and

It is further ordered that counsel for Hillsdale Rock Company, Inc., submit an appropriate form of judgment.