**UNITED STATES of America for the Use and Benefit of CENTRAL BUILDING SUPPLY, INC.**

**v.**

**WILLIAM F. WILKE, INC., the American Insurance Company, North American Residential & Commercial Contractors, Inc.**

**WILLIAM F. WILKE, INC. and the American Insurance Company**

**v.**

**NORTH AMERICAN RESIDENTIAL & COMMERCIAL CONTRACTORS, INC.**

Civ. No. S 87–2491.

United States District Court, D. Maryland.

May 23, 1988.

Robert Allen Sapero, Allan R. Engel, Sapero & Sapero, Baltimore, Md., for plaintiff.

Thomas G. Young, III, Thomas J. Petticord, Jr., Towson, Md., for The American Ins. Co.

---

Robert E. Sharkey, Mark S. Dachille, Gordon, Feinblatt, Rothman, Hoffberger & Hoblander, Baltimore, Md., for William F. Wilke, Inc.

## MEMORANDUM AND ORDER

SMALKIN, District Judge.

### I.

Defendant American Insurance Company (American) has moved for a temporary stay of the proceedings against it in this civil action under the Miller Act, 40 U.S.C. § 270a *et seq.* Paper # 21. Plaintiff United States of America, for the use and benefit of Central Building Supply, Inc. (Central), has filed its opposition in a timely fashion. Paper # 27. No oral hearing is necessary to decide this motion. Local Rule 6(G), D. Md.

### II.

It appears to the Court that there are two possible bases for granting the requested temporary stay, specifically, 11 U.S.C. § 362 and the Court's general equitable powers. The Court will proceed to determine whether at least one of these bases in fact warrants a stay.

### A.

■ As noted by this Court in its Memorandum and Order dated April 5, 1988, it has been held that a subcontractor's action against a general contractor's surety on a bond under the Miller Act is not automatically stayed by 11 U.S.C. § 362, because the bond is not property of the debtor's estate. Paper # 19 at 2, (citing *In re Capitol-York Constr. Corp.*, 43 B.R. 52, 56 (Bkrtcy.S.D.N.Y.1984)). The *In re Capitol Constr. Corp.* court apparently assumed that the case before it was a "usual" case, in which a nondebtor codefendant is not entitled to the benefit of an automatic stay pursuant to subsection (a)(1) of § 362; it therefore focused on whether the nondebtor codefendant before it (a Miller Act surety) was automatically stayed pursuant to subsection (a) (3) of the same section. *See In re Capitol Constr. Corp.*, 43 B.R. at

55–56. This Court feels compelled to address the issue of whether a Miller Act surety indeed should be granted a stay pursuant to 11 U.S.C. § 362(a)(1), in light of the case of *A.H. Robbins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 251, 93 L.Ed. 2d 177 (1986).

Judge Russell, writing for the Fourth Circuit in the *Piccinin* case, began by recognizing that, in the "usual" case, the automatic stay provided by § 362(a)(1) applies to a debtor, not his nondebtor codefendants. *Id.* at 999. He thereafter focuses on the "unusual" case, wherein the automatic stay provided by § 362(a)(1) applies to a nondebtor codefendant. *Id.* The "unusual" case "arises when there is such identity between the debtor and the [nondebtor codefendant] that the debtor may be said to be the real party defendant and that a judgment against the [nondebtor codefendant] will in effect be a judgment or finding against the debtor." *Id.* Judge Russell wrote that "[a]n illustration of such a situation would be a suit against a third party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against [him] in the case." *Id.* He thereafter recounts the facts of three illustrative cases, most notably *In re Metal Center*, 31 B.R. 458 (Bkrtcy.D.Conn.1983). *Id.* at 999–1001.

The *In re Metal Center* court addressed whether a nondebtor guarantor was entitled to the benefit of an automatic stay pursuant to § 362(a)(1) in a state court proceeding. The court seemingly recognized that the debtor and guarantor were so bound up as to present an "unusual" case meriting a § 362(a)(1) stay against a nondebtor codefendant. The Court, however, declined to afford the guarantor the protection of a § 362(a)(1) stay, feeling that a state court judgment against the guarantor would not be binding on the bankruptcy court. *Id.* at 462–63. The court, nonetheless, stayed the state court proceeding against the guarantor based on "equitable considerations" pursuant to now-omitted 28 U.S.C. § 1478(b). *Id.* at 463. (The Fourth Circuit opined that a stay under § 362(a)(1) would have been more "logical and appro-

priate" but it was satisfied that the same result was reached on equitable grounds. *Piccinin,* 788 F.2d at 1000. The Fourth Circuit recently noted, though, that, while § 362 does not provide jurisdiction for staying actions seeking no recovery from the debtor or his property, 28 U.S.C. § 1334, under the Court's general equitable powers, does. *A.H. Robins Co., Inc. v. Baker et al.,* No. 87–3879, slip op. at 4–5 (4th Cir. May 16, 1988) [848 F.2d 184 (Table) ] (citing *Oberg v. Aetna Casualty & Surety Co.,* 828 F.2d 1023, 1025–26 (4th Cir.1987)).)

It clearly is the case that a surety, like a guarantor, is bound up with his debtor; he undertakes to pay money for which the debtor is obligated and is entitled to indemnification from the debtor. *See Black's Law Dictionary* 1293 (5th ed. 1979). It does not necessarily follow, even if the *typical* surety is entitled to the benefit of a § 362(a)(1) stay, that a *Miller Act* surety is entitled to the benefit of a stay. Indeed, it appears that the very purpose of the Miller Act would be defeated if the Miller Act surety were entitled to the benefit of a § 362(a)(1) stay. The Supreme Court has explained the genesis of the Miller Act, stating:

> Ordinarily, a supplier of labor and materials on a private construction project can secure a mechanic's lien against the improved property under state law. But a lien cannot attach to Government property ... so suppliers on Government projects are deprived of their security interest. The Miller Act was [enacted] to provide an alternative remedy to protect the rights of these suppliers.

*F.D. Rich Co. v. United States,* 417 U.S. 116, 122, 94 S.Ct. 2157, 2161, 40 L.Ed.2d 703 (1974). Nicely honing in on the purpose of the Miller Act, the United States District Court for the Middle District of Florida stated that "[it] was designed to foster immediate payment to those supplying government projects in order to prevent financial embarassment that might result to them from a protracted delay in payment." *United States v. Paul Hardeman, Inc.,* 260 F.Supp. 723, 728 (M.D.Fla. 1966). *See also United States v. Cortelyou & Cole, Inc.,* 400 F.Supp. 20, 22 (N.D.

Cal.1975) (citing *Clifford F. MacEvoy Co. v. United States,* 322 U.S. 102, 107, 64 S.Ct. 890, 894–95, 88 L.Ed.2d 1163 (1944)), *aff'd,* 581 F.2d 239 (9th Cir.1978); *Fett Roofing & Sheet Metal Co. v. Seaboard Surety Co.,* 294 F.Supp. 112, 115 (E.D.Va. 1968). In the *Paul Hardeman, Inc.* case itself, the court would not relate the date of adjudication of bankruptcy back to the date of filing of the petition of arrangement "because ... it would flout the purpose of the Miller Act." *Id.* at 728. Because this Court similarly feels that to grant (or maybe more accurately to enforce) a § 362(a)(1) stay in favor of the surety herein "would flout the purpose of the Miller Act," it therefore declines to grant a stay under that statute.

### B.

■ The Court next considers whether, in the exercise of its general equitable powers, it should temporarily stay these proceedings for the benefit of American.

It is well recognized that a district court may, under its general equitable powers and in the efficient management of its docket, grant stays. *Williford v. Armstrong World Industries, Inc.,* 715 F.2d 124, 127 (4th Cir.1983); *see also Piccinin,* 788 F.2d at 1003. "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford,* 715 F.2d at 127; *see also Piccinin,* 788 F.2d at 1003. The court then "must weigh competing interests and maintain an even balance." *Williford,* 715 F.2d at 127 (quoting *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 545 (5th Cir.1983)); *see also Piccinin,* 788 F.2d at 1003.

The Court finds that movant herein, American, has made the requisite showing for a stay in its favor. To recount the pertinent facts, William F. Wilke, Inc. (Wilke), was the contractor on the government project that is the subject of the instant suit. North American Residential and Commercial Contractors, Inc. (North American), was a subcontractor of Wilke, and Central was a subcontractor of North American. American is the surety who issued a bond at the request of Wilke pur-

suant to the Miller Act. Wilke filed a voluntary petition for reorganization pursuant to the Bankruptcy Code on March 16, 1988, on which date the automatic stay pursuant to § 362(a)(1) of said Code went into effect. By Order dated April 12, 1988, the Bankruptcy Court (Judge Schneider) extended the stay to pending litigation against the president and chief executive officer of Wilke, one John F. Seeman; indeed, the concluding paragraph of the Order specifically states that Mr. Seeman is not "required to testify or otherwise respond to discovery requests in cases where the Debtor and/or The American Insurance Company ... are named as parties." Paper #21, Exhibit B at 2. When Mr. Seeman testified under oath at the April 12 hearing on extension of the stay, he stated that Wilke had good faith defenses that could dispose of Central's claim; American has no knowledge of these defenses. *Id.* at 4. As represented in its motion, American thus "is presently without ability to defend the above action to which it has been assured in sworn testimony valid defenses exist." *Id.* The Court recognizes that, by granting a stay, Central will be delayed in recovering any monies properly due it. However, a delay in collection clearly pales in comparison to an inability to defend. For this reason, the Court will stay the instant action against American until the conclusion of Wilke's bankruptcy proceedings.

### III.

Accordingly, it is this 23rd day of May, 1988, by the United States District Court for the District of Maryland, ORDERED:

1. That the motion of defendant American for a temporary stay be, and hereby is, *granted;*

2. That this case BE, and the same hereby is, *stayed* until the Court is notified by the plaintiff that the Wilke bankruptcy proceedings have been concluded or until the stays entered therein as to Wilke and Seeman have been lifted.