23579

MERRITT BROTHERS, INC., Respondent v. MARINE MIDLAND
REALTY CREDIT CORPORATION, Appellant.

(414 S.E. (2d) 167)

Supreme Court

*David M. Yokel* and *Jesse A. McCall, Jr.* of *Bouton, Yokel, Edwards & McCall*, Greenville, *for appellant.*

*David W. Ball* of *Dobson and Dobson*, Greenville, *for respondent.*

Submitted Dec. 6, 1991.

Decided Feb. 10, 1992.

FINNEY, Justice:

Appellant Marine Midland Realty Credit Corporation (Marine) appeals from an order of the circuit court denying its

motion to stay a circuit court action against Marine on the grounds that the corporation through whom the action arose, Hooker Core, Inc., doing business as L.J. Hooker Developments (Hooker), was in bankruptcy. We affirm.

Hooker, a real estate developer, undertook construction of a business and industrial center in Greenville County, South Carolina. Marine agreed to lend Hooker up to $4,800,000 to finance construction. Respondent Merritt Brothers, Inc. (Merritt) contracted to landscape the project. By letter dated October 11, 1989, Hooker's Director of Industrial Construction submitted the executed landscaping and irrigation contract to Merritt and advised: "At present, we are still working with our lender, Marine Midland, towards establishing assurance of funding for the project. We will keep you appraised (sic) of all future developments in this regard." Merritt sought and received a commitment reflected in the following letter dated November 9, 1989, from the Vice President of Marine:

> The Loan Documents provide for certain advances to be made in an amount not to exceed $109,125.00 ("Set Aside Amount") in connection with work done by Merritt Brothers, Inc. I understand from Hooker that you require certain assurances from Marine concerning the Set Aside Amount.
>
> Please be advised that we agree to hold these funds aside. Invoices for work performed are to be submitted for processing to Hooker under the terms of the Hooker/Merritt agreement. When the work is approved by our inspecting engineers payment will be made through the appropriate title company or other mutually acceptable means.

By petition dated December 14, 1989, Hooker applied for reorganization pursuant to Chapter 11 of the Bankruptcy Code. On January 8, 1990, through counsel, Merritt made demand upon Marine for Hooker's unpaid bill of $48,069.90 for completed work on the project. Marine did not remit payment. On July 10, 1990, Merritt instituted this action in the Court of Common Pleas.

Merritt's First Amended Complaint filed September 17, 1990, alleges fraud, breach of contract, third party beneficiary and unjust enrichment. Merritt sought compensatory and punitive damages, costs, attorneys fees and *quantum meruit* relief on the grounds that Marine was independently and primarily liable as guarantor of Hooker's debt. Marine's answer denied liability, contending that even if liable as guarantor, such liability would be secondary and Marine would be entitled to absolute indemnification from Hooker.

Marine moved for a statutory stay under the provisions of Title 11 or for an equitable stay. As grounds for it motion, Marine asserted 1) that it would be handicapped in defending the action because the required records, information and personnel were protected by the Hooker bankruptcy shield, 2) that it would be denied Hooker's assistance and thereby highly prejudiced; and 3) that Marine would be entitled to pursue an action against Hooker for reimbursement of any judgment obtained by Merritt. The trial court denied the motion. This appeal followed.

The pertinent portion of the automatic stay provision of Title 11 is as follows:

> [A] petition . . . operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the *debtor* . . . or to recover a claim against the *debtor* . . . (Emphasis added.)

11 U.S.C. § 362(a).

By its terms, Section 362 is applicable only to debtors. The stay provision was not intended to strip from creditors of bankruptcy debtors the protection sought by requiring a third party to guarantee the debt. *Credit Alliance Corp. v. Williams*, 851 F. (2d) 119 (4th Cir. 1988).

Marine relies on *A.H. Robins Co., Inc. v. Piccinin*, 788 F. (2d) 994 (4th Cir. 1986), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed. (2d) 177 (1986). In *Robins*, the Fourth Circuit Court of Appeals recognized that unusual circumstances may warrant extension of the stay to proceedings against nonbankrupt co-defendants of debtors in bankruptcy. Such

circumstances may arise when there is such identity between the debtor and third-party defendant that the debtor may be considered the actual party defendant against whom any judgment will, in effect, be a judgment or finding against the debtor. *Id.* at 999. An analogy would be a suit against a third party entitled to *absolute* indemnity by the debtor on account of any judgment which might result in the case. *Id.*

The case before us is distinguishable. No facts are alleged which support Marine's right to absolute indemnification by Hooker or the possibility of inconsistent judgments in the absence of a stay. *See In re Murall, Inc.*, 118 B.R. 400 (D.S.C. 1989). Additionally, the record reflects that Marine gave purported assurances of availability of designated funds and procedure for payment to Merritt. Thus, we conclude that this case is not appropriate for a statutory stay under the provisions of Chapter 11.

Marine argues alternatively that the action should be stayed on equitable principles, contending its liability is secondary.

An equitable stay may be invoked if justified by circumstances which outweigh any potential harm to the party against whom it is operative. In making this determination, the court "must weigh competing interests and maintain an even balance." *United States Central Building Supply, Inc. v. Wilke*, 685 F. Supp. 936, 938 (D.C. Md. 1988). Under the evidence before us, we conclude that Marine has failed to prove that equity requires a stay of these proceedings.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.