33 B.R. 538 (1983)
In re JAY FORNI, INC., Debtor.
L.B. FOSTER CO., Plaintiff and Counter-Defendant,
v.
JAY FORNI, INC., Defendant and Counter-Claimant.
Bankruptcy No. 4-82-02017W, Adv. No. 4-82-1401AW.
United States Bankruptcy Court, N.D. California.
August 3, 1983.
*539 John T. Hansen, Richard M. Kaplan, San Francisco, Cal., for L.B. Foster Co.
Irving J. Kornfield, Oakland, Cal., for Jay Forni, Inc.

DECISION
CAMERON W. WOLFE, Bankruptcy Judge.
This action is a complaint and counter-claim for declaratory and injunctive relief regarding the plaintiff's right to perfect and enforce claims against contractors' payment bonds for three public works projects in which debtor JAY FORNI, INC. fabricated construction materials from steel pipe it purchased from plaintiff L.B. FOSTER CO. The projects are: 1) COLUSA COUNTY WATER DISTRICT, Arbuckle, California; 2) LAKE TYEE PROJECT, Ketchican, Alaska; and 3) BURCH LAKE WATER TREATMENT PLANT, Longmont, Colorado.

FINDINGS OF FACT
Debtor filed its petition for relief under Chapter 11 of title 11 U.S.C. on June 3, 1982.
COLUSA PROJECT
On March 18, 1982, FOSTER delivered materials with a value of $3,408.31 to FORNI. FORNI fabricated those materials to the specifications of the COLUSA project. FOSTER gave a preliminary notice of its claim to KAWEAH CONSTRUCTION CO., a subcontractor of W.M. LYLES & CO. (the general contractor) on March 16, 1982.
LAKE TYEE PROJECT
On May 10, 1982, FOSTER delivered materials with a value of $1,504.90 to FORNI. FORNI fabricated those materials to the specifications of the LAKE TYEE project. FOSTER gave a preliminary notice of its claim to HANNISON WESTERN, a subcontractor of MORRISON KNUDSEN (the general contractor) on June 7, 1982.
BURCH PROJECT
On May 25, 1982, FOSTER delivered materials with a value of $1,989.56 to FORNI and on June 2, 1982, FOSTER delivered additional materials with a value of $7,869.05. FORNI fabricated those materials to the specifications of the BURCH LAKE project. FOSTER gave a preliminary notice of its claim on June 7, 1982, to the CITY OF LONGMONT, the contracting body, and WESTERN EMPIRE CONSTRUCTION, the general contractor.

APPLICABLE LAW
The COLUSA project is governed by THE MILLER ACT, 40 U.S.C. § 270a et seq.; the TYEE project is governed by ALASKA LAW, A.S. § 36.25.010 et seq.; and the BURCH project is governed by COLORADO LAW, C.R.S. § 38-26-105 et seq.

*540 CONCLUSIONS OF LAW
FORNI's extensive alteration of the pipe supplied by FOSTER to the specifications of the construction projects indicate its status as a subcontractor rather than a mere supplier of materials.
FORNI's work was done under the specifications of detailed contracts supplemented by plans and blue prints. The final products were in each case custom-made for the particular job complying with specifications for that job only. Further, in each case the price to the contractor with whom FORNI contracted was approximately ten times the cost of the pipe, the labor being the primary factor in this increase. For example, the pipes obtained from FOSTER were cut, bent, lined, welded, fitted with flanges, etc., and became part of an entire specific portion of the general construction job. Although the TYEE project did not include plans and specifications, there was a blue print and a special fitting was made up with two flanges. See U.S. etc. v. Morrison Knudsen Co., Inc., 687 F.2d 129, 134-136 (6th Cir.1982). Consequently, FOSTER has a right of action against the Contractor's Payment Bond under Federal, Alaska and Colorado Law provided proper notice was given.
COLUSA and TYEE PROJECTS
Since Alaska law is directly patterned on Federal law and has almost identical provisions, the COLUSA and TYEE projects will be considered concurrently.
Federal and Alaska law permit a materialman a right of action on a contractor's payment bond even if the materialman has no direct contractual relationship with the contractor, if the materialman has a contractual relationship with a subcontractor and the materialman gives notice to the contractor within ninety (90) days from the last date on which the material is furnished, 40 U.S.C. § 270b(a), A.S. § 36.25.020(b). Suits on contractors' payment bonds must be brought within one year of when the material was supplied, 40 U.S.C. § 270b(b), A.S. § 36.25.020(c).
FOSTER complied with the notice requirements of Federal and Alaska law by giving a preliminary notice in each project within ninety (90) days of the delivery of the pipe to FORNI. FORNI is estopped from challenging the validity of the notice despite the fact that it was given to a subcontractor rather than the contractor since FOSTER gave notice based on information given it by FORNI. FORNI has not challenged the sufficiency of the form of notice. However, FOSTER has not yet complied with the requirements of 40 U.S.C. § 270b(b) or A.S. 36.25.020(c) since it has not brought an action on its claim, believing it is stayed by 11 U.S.C. § 362.
BURCH LAKE
Colorado provides two alternatives for unpaid materialmen. Contractors on public works projects are required to post payment bonds for labor and material. Materialmen have a right of action on the bond if it is brought within six months after the materials are supplied C.R.S. XX-XX-XXX(1). However, C.R.S. XX-XX-XXX(3) provides that materialmen may bring an action against the surety within ninety (90) days following the date fixed for final settlement as published. To the extent that sections 38-26-105 and 38-26-107(3) are irreconcilable, section 38-26-107(3), adopted subsequent to section 38-26-105 and containing specific time requirements controls, Rocky Mountain Association of Credit Management v. Marshall, 44 Colo.App. 467, 615 P.2d 68 (1980).
Alternatively, materialmen may file a claim with the contracting body for material supplied a subcontractor, C.R.S. XX-XX-XXX(1). The contracting body is then required to withhold payment to the contractor in an amount equal to the claim until the claim is paid or withdrawn. However, the funds may only be held ninety (90) days following the date fixed for final settlement as published unless an action has been commenced by the claimant to enforce the unpaid claim and it has filed a lis pendens with the contracting body C.R.S. XX-XX-XXX(2).
*541 FOSTER complied with requirements of C.R.S. XX-XX-XXX(2) by filing its claim with the contracting body, the CITY OF LONGMONT, within ninety (90) days of supplying the materials. However, it has not yet complied with C.R.S. XX-XX-XXX(1) or XX-XX-XXX(3) since it has not brought an action on its claim, believing it is stayed by 11 U.S.C. § 362.

EFFECT OF 11 U.S.C. § 362
The Miller Act and similar state statutes requiring general contractors to post payment bonds for public works projects are designed to protect materialmen because materialmen's liens are not applicable to public property. Although payment bond statutes are designed to serve a purpose similar to a materialman's lien, the procedures and rights of parties are different from materialman lien statutes. This proceeding concerns a materialman's right to bring an action on a payment bond; it does not concern the perfection or enforcement of a lien on property that was improved. The effect of 11 U.S.C. § 362 with regard to actions on payment bonds is analogous to § 362's effect on actions against guarantors and co-debtors; it is not analogous to the perfection and enforcement of liens against debtors' property.
Actions against guarantors and co-debtors are not stayed by § 362(a). This is so even if a successful action on the bond might indirectly give rise to a claim against the debtor by the guarantor or co-debtor. See In Re Magnus Harmonica Corp., 233 F.2d 803 (3rd Cir.1956) where the Court of Appeals lifted the stay of an action against guarantors of the debtor while recognizing that a successful claim against the sureties might have repercussions in the Chapter X proceeding.
FOSTER's preliminary notices of claim dated June 7, 1982, four (4) days after the debtor filed its Chapter 11 petition, and any other activities to pursue its right of action against the contractors' payment bonds are not stayed by 11 U.S.C. § 362(a). The bonds are not property of the debtor's estate and actions against sureties are not stayed in Chapter 11 proceedings. See In Re Roll Form Products, Inc., 8 B.R. 479 (Bkrtcy.S.D.N.Y.1981) where the District Court dissolved a Bankruptcy Court injunction prohibiting freight carriers from collecting shipping expenses directly from the customers of the Chapter XI debtor where the debtor had billed its customers for goods shipped including the freight charges and had not paid the carriers.
The Court found that the carriers' attempt to collect freight charges from debtor's customers were unrelated to whatever debts the customers may have owed the debtor since the customers had a statutory liability to pay the carriers. Thus the carriers' enforcement of their rights against the debtor's customers did not constitute an activity that could be deemed a loss to the debtor, Roll Form at 483.
Similarly, the sureties of the general contractors in this proceeding have an independent liability to FOSTER for material supplied to FORNI and FOSTER's exercise of its statutory rights against the sureties are unrelated to whatever debts the general contractor or other subcontractors may owe FORNI.
See also In Re Page, 18 B.R. 713 (D.C. 1982) where the District Court held that a creditor's cashing of a $500,000 letter of credit, after the debtor filed Chapter 11, was not a violation of § 362 since it was neither a transfer of the debtor's property nor an enforcement of a lien, even though the Court recognized that the cashing of the letter of credit would give the issuing bank a claim against the debtor under an indemnification agreement since the issuing bank would be stayed by § 362.

RELIEF
Both parties have requested a declaration from this Court regarding FOSTER's rights under relevant Federal and State statutes. FOSTER commenced this proceeding, among other reasons, because FORNI suggested that FOSTER's pursuit of its rights under relevant statutes might violate § 362(a). There have been several days of *542 evidentiary hearings in this proceeding and the law has been fully briefed and argued. This proceeding was commenced on October 1, 1982. In the intervening months FOSTER's rights of action under the relevant statutes may have expired since FOSTER was not stayed from proceeding even though both parties believed in good faith that § 362(a) may have been applicable. It would be particularly inequitable if FOSTER was left without remedies because the time limits ran while the case was under submission since FOSTER promptly sought declaratory and injunctive relief. In light of the above equitable considerations and pursuant to F.R.C.P. 54(c) which provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings," the plaintiff is entitled to the following relief:
1. To pursue its rights of action against the contractors' payment bonds for the COLUSA, TYEE and BURCH projects, under 40 U.S.C. § 270a et seq., A.S. 36.25.010 et seq., and C.R.S. XX-XX-XXX, et seq. respectively.
2. Further, FORNI shall take whatever actions are necessary so that any surety, general contractor, subcontractors, or other parties holding funds in response to FOSTER's notices of preliminary claim pay such funds to FOSTER to the extent of $3,408.31 for the COLUSA project; $1,504.90 for the TYEE project; and $9,858.51 for the BURCH project.