In re CAPITOL–YORK CONSTRUCTION CORP., Debtor.

CAPITOL–YORK CONSTRUCTION CORPORATION, Petitioner,

v.

LYNNHAVEN MARINE CONSTRUCTION, INC., Respondent.

Bankruptcy No. 84 B 20192.

United States Bankruptcy Court, S.D. New York.

Sept. 24, 1984.

David H. Adams, Norfolk, Va., Lenefsky & Meier, New York City, for debtor.

Spriggs, Bode & Hollingsworth, Washington, D.C., for Lynnhaven Marine Const. Corp.

Sidney Turner, White Plains, N.Y., for Creditors' Committee.

## DECISION ON ORDER TO SHOW CAUSE FOR A DECLARATORY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor, Capitol-York Construction Corp. ("Capitol-York") seeks a declaratory judgment that the respondent, Lynnhaven Marine Construction, Inc. ("Lynnhaven") is prohibited by the automatic stay under Code § 362 from continuing litigation under the Miller Act, 40 U.S.C. §§ 270a–270d, against Capitol-York's surety in the District Court for the Eastern District of Virginia and for sanctions against Lynnhaven and its counsel. Lynnhaven is a debtor in a Chapter 11 reorganization pending in the Bankruptcy Court in the Eastern District of Virginia.

## UNDISPUTED FACTS

In September, 1982, Capitol-York and its affiliated company, J.N. Futia Company, Inc. ("Futia"), entered into a joint venture for the construction of a Naval Air Rework Facility for the United States, Department of the Navy, in Norfolk, Virginia. Pursuant to the requirements of the Miller Act, 40 U.S.C. § 270a, Capitol-York and Futia furnished the Department of the Navy with a surety bond to guarantee prompt payment to all persons supplying labor and materials at the Navy facility. The surety was Aetna Casualty and Surety Company ("Aetna"), a Connecticut corporation authorized to do business in Virginia. Thereafter, in October 1982, Lynnhaven executed a subcontract with Capitol-York, as the contractor, for pile-driving and related work under the Navy contract.

In June, 1983, a dispute developed with respect to Lynnhaven's right to receive payments for its work in connection with the Navy contract. Accordingly, Lynnhaven was unable to pay its suppliers and was compelled to file a petition for relief under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court for the Eastern District of Virginia. By stipulated order dated November 14, 1982, Capitol-York and Lynnhaven agreed to waive the automatic stay in favor of Lynnhaven and to abide by an arbitration panel of the American Arbitration Association, with the understanding that if any funds were awarded to Lynnhaven, such funds would be placed in an escrow account pending further order from

the Bankruptcy Court where Lynnhaven's Chapter 11 case was pending.

On January 26, 1984, the arbitration panel ruled in favor of Lynnhaven and denied Capitol-York's counterclaim. In accordance with the November 14, 1983 stipulation order, the panel required Capitol-York to pay the sum of $324,000 into an escrow account in a National Bank in Norfolk, Virginia, to the credit of the U.S. Bankruptcy Court.

On March 29, 1984, Lynnhaven commenced an adversary proceeding in the United States Bankruptcy Court for the Eastern District of Virginia against Aetna, Capitol-York and Futia because of Capitol-York's refusal to comply with the stipulated order dated November 14, 1983 wherein the parties agreed to abide by the arbitration award. The action was bottomed on the Miller Act, 40 U.S.C. §§ 270a–270d, which required Capitol-York to provide a payment bond with a surety for the payment of all persons supplying labor and materials in the performance of the work required under the Navy contract. Lynnhaven's complaint seeks a joint and several judgment in the amount of $324,000, plus attorney's fees and costs against all three named defendants.

On April 16, 1984, Lynnhaven made a motion in the adversary proceeding against Capitol-York, as respondent, for an order confirming the award of the arbitration panel and for the entry of a judgment on the award.

On April 16, 1984, Lynnhaven filed an involuntary Chapter 7 petition in bankruptcy against Capitol-York in the Bankruptcy Court for the Eastern District of Virginia, alleging the $324,000 arbitration award in its favor and that Lynnhaven had filed on the same day a petition to confirm the award and a motion for the entry of judgment. The basis for the petition was the assertion that Capitol-York was generally not paying its debts as they became due.

On April 19, 1984, notwithstanding the efficacy of the automatic stay that arose in favor of Capitol-York as a result of the commencement of the involuntary bankruptcy case against it on April 16, 1984, Lynnhaven submitted, and the Bankruptcy Court for the Eastern District of Virginia signed, an order confirming the arbitration award and entered judgment against Capitol-York in the sum of $324,000, which was to be paid into an escrow account in the National Bank of Norfolk, Virginia to the credit of the United States Bankruptcy Court in compliance with the court's order. This order was submitted and entered in the adversary proceeding commenced by Lynnhaven against Capitol-York as part of the Lynnhaven bankruptcy case.

Thereafter, in addition to various unsuccessful motions to vacate the post-petition April 19th order and judgment confirming the arbitration award, Capitol-York filed a notice of appeal by letter dated April 24, 1984, addressed to the clerk of the United States Bankruptcy Court for the Eastern District of Virginia.

On April 27, 1984, Capitol-York filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court for the Southern District of New York.

By order dated June 13, 1984, the Bankruptcy Court in Virginia transferred the involuntary bankruptcy case commenced by Lynnhaven against Capitol-York, in the interests of justice and the economic administration of the estate, to this Bankruptcy Court in the Southern District of New York.

After a hearing on notice, held in this court on July 9, 1984, the involuntary Chapter 7 petition against Capitol-York was dismissed, with the result that Capitol-York will proceed with the voluntary Chapter 11 reorganization case pending in this court.

## DISCUSSION

The debtor's show cause order seeks a declaratory judgment for the purpose of enjoining the enforcement of an arbitration award. Such relief should comply with Bankruptcy Rule 7001(7) and (9) which states that a proceeding "to obtain an injunction or other equitable relief" or "to

obtain a declaratory judgment relating to any of the foregoing" are adversary proceedings and should be commenced by the service of a summons and complaint. Nevertheless, the parties have not raised this issue and simply treat the debtor's application as a motion to extend the automatic stay under Code § 362 to include the Virginia adversary proceeding against Capitol-York's surety, Aetna Casualty and Surety Company. However, a stay extension request is treated like a request for a preliminary injunction. *In re Johns-Manville Corp.*, 26 B.R. 420, 431 (Bkrtcy.S.D.N.Y.1983), *aff'd*, 40 B.R. 219, [1983–1984 Transfer Binder] Bankr.L.Rep. (CCH) ¶ 69,-600 (S.D.N.Y.1983). In the spirit of economy in administration this court will treat the motion papers as pleadings and will proceed to the merits without directing the debtor, Capitol-York, to file a formal complaint, especially since the salient facts alleged in the moving papers are undisputed.

## POST–PETITION CONFIRMATION OF THE ARBITRATION AWARD

■ When Lynnhaven applied to the Virginia Bankruptcy Court on April 16, 1984, for an order confirming the award of the arbitration panel it did not inform the court that it planned to file, and in fact did file, an involuntary Chapter 7 petition in bankruptcy against Capitol-York the same day. The commencement of the bankruptcy case against Capitol-York on April 16, 1984 automatically triggered the statutory stay prescribed under 11 U.S.C. § 362(a)(1). Not only is this stay binding upon the parties, but courts are also "bound by the automatic stay provision of 11 U.S.C. § 362(a)(1)." *Ellison v. Northwest Engineering Co.*, 707 F.2d 1310, 1311 (11th Cir. 1983); *see Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 449 (3rd Cir.1982). The scope of the stay extends to bankruptcy courts as well. *First National Bank of Boston v. Overmyer*, 32 B.R. 597, 601 (Bkrtcy.S.D.N.Y.1983). Accordingly, the post-petition entry of the confirmation order and judgment against Capitol-York on April 19, 1984 violated the automatic stay and is ineffective, absent relief from the stay.

## THE MILLER ACT LITIGATION

■ Although Lynnhaven argues that its action in the Bankruptcy Court for the Eastern District of Virginia is solely against Aetna as surety on the bond required under the provisions of the Miller Act, the pleading specifically names Capitol-York as a defendant along with Aetna and Futia. Indeed, the complaint seeks a joint and several judgment against all three defendants. The continuation of the action against Capitol-York is expressly enjoined under 11 U.S.C. § 362(a)(1), unless and until relief from the stay is applied for and obtained from this court after a hearing in accordance with 11 U.S.C. § 362(d).

■ Lynnhaven's action against Aetna, as a surety under its bond posted pursuant to the Miller Act, is a different matter. Lynnhaven did not obtain an effective confirmation of the arbitration award because the post-petition order and judgment, dated April 19, 1984 violated the automatic stay, with the result that it is void. *See Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982); *Meyer v. Rowen*, 181 F.2d 715, 716 (10th Cir.1950); *Potts v. Potts*, 142 F.2d 883, 888 (6th Cir. 1944), *cert. denied*, 324 U.S. 868, 65 S.Ct. 910, 89 L.Ed. 1423 (1945); *In re Coleman American Companies, Inc.*, 26 B.R. 825, 830–31, 10 B.C.D. 185, 187 (Bkrtcy.D.Kan. 1983); *In re Scott*, 24 B.R. 738 (Bkrtcy.M. D.Ala.1982); *In re Holland*, 21 B.R. 681, 688, 9 B.C.D. 385, 389 (Bkrtcy.N.D.Ind. 1982); *In re Johnson*, 18 B.R. 755, 756–57 (Bkrtcy.S.D.Ohio 1982); *In re Young*, 14 B.R. 809, 811, 8 B.C.D. 641, 642 (Bkrtcy.N. D.Ill.1981).

■ Although Lynnhaven may not rely upon the April 19, 1984 post-petition order and judgment, it is still free to continue its action against Aetna, as a surety for Capitol-York under the Miller Act bond. Generally the courts have held that the automatic stay applies only to debtors and

that nondebtor codefendants are not entitled to the benefit of the stay. *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196–97 (6th Cir.1983); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir.1983); *Pitts v. Unarco Industries Inc.*, 698 F.2d 313, 314 (7th Cir.1983) (per curiam); *In re Casgul of Nevada, Inc.*, 22 B.R. 65, 66 (Bkrtcy. 9th Cir.1982); *In re Johns-Manville Corp.*, 26 B.R. 405, 414, 9 B.C.D. 1403, 1408 (Bkrtcy.S.D.N.Y.1983); 1 W. Norton, Bankruptcy Law and Practice § 20.04 n. 5 (Supp.1983). A subcontractor's action against a general contractor's surety to recover under a Miller Act bond which was posted to protect materialmen for public works projects does not implicate Code § 362 because the bond is not property of the debtor's estate. *In re Jay Forni, Inc.*, 33 B.R. 538, 541 (Bkrtcy.N.D.Cal. 1983); *see also Moran v. Johns-Manville Sales Corp.*, 28 B.R. 376, 378 (N.D.Ohio 1983) (district court held that a supersedeas bond was not property of the Chapter 11 estate and that the automatic stay did not halt the appellate proceedings or execution against the supersedeas bond).

## CONCLUSIONS OF LAW

1. The confirmation order and judgment dated April 19, 1984 that Lynnhaven obtained against Capitol-York in the Bankruptcy Court for the Eastern District of Virginia following its filing of an involuntary Chapter 7 petition against Capitol-York on April 16, 1984, violated the automatic stay under 11 U.S.C. § 362(a)(1) and are void.

2. Capitol-York's application for a declaratory judgment that Lynnhaven's action in the U.S. Bankruptcy Court for the Eastern District of Virginia is automatically stayed pursuant to 11 U.S.C. § 362(a)(1), and for sanctions against Lynnhaven and its counsel, is denied, although Lynnhaven is automatically stayed from continuing such action against Capitol-York as a named defendant.

SUBMIT ORDER on notice.