**In the Matter of CAPITOL–YORK CONSTRUCTION CORP., Debtor.**

**Bankruptcy No. 84B20192.**

United States Bankruptcy Court,
S.D. New York.

Aug. 23, 1985.

**318**

Lenefsky & Meier, New York City, for debtor; Steven K. Meier, of counsel.

Sidney Turner, P.C., White Plains, N.Y., for Unsecured Creditors' Committee for Capitol-York Construction Corp.

Eric D. Koster, P.C., White Plains, N.Y., for Lynnhaven Marine Construction, Inc.; Eric D. Koster, of counsel.

## DECISION ON MOTION TO DECLARE A TRUST FUND FOR PAYMENT TO THREE CREDITORS AND CROSS MOTION FOR ATTORNEYS' FEES AND COSTS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Capitol-York Construction Corp., the debtor in possession in this Chapter 11 case, has moved to provide for the payment to three creditors of its creditor, Lynnhaven Marine Construction, Inc. ("Lynnhaven") also in Chapter 11, through a proposed trust fund, and to deduct the amounts so paid from the claim of Lynnhaven. Two of the creditors of Lynnhaven as well as Lynnhaven have objected to the debtor's motion. Additionally, Lynnhaven has cross moved for costs and attorneys' fees.

### FACTUAL BACKGROUND

The dispute stems from a joint venture undertaken by the debtor and its affiliated company, J.N. Futia Company, Inc., under a contract with the Navy Department for a construction project at the Norfolk Naval Air Station in Virginia. Pursuant to this project the debtor entered into a subcontract with Lynnhaven for the installation of concrete pilings. Lynnhaven in turn entered into second tier sub-contracts for labor and materials on the job, to be furnished by various subcontractors, including Lone Star Cement, Inc., Conmaco, Inc. and Williams Crane & Rigging Inc. (the "second tier subcontractors"). The second tier subcontractors were not paid by Lynnhaven because Lynnhaven was not paid by the debtor under its contract for the Norfolk construction project after a performance dispute, although the debtor was paid by the Navy Department. The second tier subcontractors of Lynnhaven have filed claims against Lynnhaven and have also commenced actions against the debtor's surety, Aetna Casualty and Surety Company ("Aetna"), in the United States District Court for the Eastern District of Virginia, pursuant to the Miller Act, 40 U.S.C. §§ 270a–270d. Venue in a Miller Act action is properly laid only in the United States District Court for the District in which the contract was to be performed and executed. 40 U.S.C. § 270b(b).

Subsequent to the performance dispute between the debtor and Lynnhaven regarding the Norfolk construction project, and unable to pay its subcontractors, Lynnhaven filed for relief under Chapter 11 of the Bankruptcy Code, with the Bankruptcy Court for the Eastern District of Virginia in September of 1983. Thereafter, Lynnhaven and the debtor stipulated to waive the automatic stay in favor of Lynnhaven and to abide by an arbitration panel of the American Arbitration Association (the "Arbitration Panel") with respect to the Norfolk construction dispute, with the understanding that if any funds were awarded to Lynnhaven, such funds would be placed in an escrow account pending further order from the Bankruptcy Court where Lynnhaven's Chapter 11 case was pending.

On January 26, 1984, the Arbitration Panel ruled in favor of Lynnhaven and denied the debtor's counterclaim. The Arbitration Panel directed the debtor to pay the sum of $324,000 into an escrow account in a National Bank in Norfolk, Virginia to the credit of the Bankruptcy Court. There-

after, Lynnhaven commenced an adversary proceeding in the United States Bankruptcy Court for the Eastern District of Virginia against the debtor, its affiliate, J.N. Futia Company, Inc. and Aetna, as surety under the construction bond. The action was based on the Miller Act, 40 U.S.C. §§ 270a–270d which required the debtor to provide a payment and performance bond as surety for the payment of all persons supplying labor and materials required under the Navy contract. Lynnhaven's complaint seeks a joint and several judgment in the amount of $324,000, plus attorneys' fees and costs against all three defendants.

On April 16, 1984, Lynnhaven made a motion in the adversary proceeding against the debtor for an order confirming the award of the Arbitration Panel and for the entry of a judgment on the award. On the same day, Lynnhaven filed an involuntary Chapter 7 petition in bankruptcy against the debtor in the Bankruptcy Court for the Eastern District of Virginia, alleging the $324,000 arbitration award in its favor and that the debtor was generally not paying its debts as they became due. Thereafter, Lynnhaven submitted an order confirming the arbitration award and a judgment against the debtor in the sum of $324,000 which was to be paid into an escrow account in the National Bank of Norfolk, Virginia to the credit of the United States Bankruptcy Court. This order was entered in the adversary proceeding commenced by Lynnhaven against the debtor as part of the Lynnhaven bankruptcy case, notwithstanding the existence of the automatic stay, pursuant to 11 U.S.C. § 362(a), that arose in favor of the debtor as a result of the commencement of the involuntary bankruptcy case against the debtor on April 16, 1984. Thereafter, on April 27, 1984, the debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court for the Southern District of New York. The Bankruptcy Court for the Eastern District of Virginia then transferred to this court the involuntary bankruptcy case commenced by Lynnhaven against the debtor, pursuant to an order dated June 13, 1984.

After a hearing on notice, held in this court on July 9, 1984, the involuntary Chapter 7 petition against the debtor was dismissed and the voluntary Chapter 11 case filed by the debtor with this court was retained. By decision and order dated September 24, 1984, this court ruled that the order confirming Lynnhaven's arbitration award and judgment dated April 19, 1984, obtained by Lynnhaven in the Bankruptcy Court for the Eastern District of Virginia subsequent to the filing of the involuntary Chapter 7 petition against the debtor on April 16, 1984, violated the automatic stay under 11 U.S.C. § 362(a)(1) and was void as to the debtor. *Capitol-York Construction Corporation v. Lynnhaven Marine Construction, Inc. (In re Capitol-York Construction Corp.)*, 43 B.R. 52, 12 B.C.D. 263 (Bkrtcy.S.D.N.Y.1984). However, the automatic stay did not enjoin the Miller Act litigation against the debtor's surety, Aetna, under the payment and performance bond for the Norfolk Naval Air Station Project because the bond is not property of the debtor's estate. *In re Jay Forni, Inc.*, 33 B.R. 538, 541 (Bkrtcy.N.D.Cal.1983); *see also Moran v. Johns-Manville Sales Corp.*, 28 B.R. 376, 378 (N.D.Ohio 1983).

Lynnhaven's Chapter 11 plan as modified, was confirmed by the Bankruptcy Court for the Eastern District of Virginia. Lynnhaven contends that its plan calls for full payment to its creditors and contemplates that the $324,000 arbitration award against the debtor, Capitol-York, will serve to fund Lynnhaven's plan. The debtor in this case, Capitol-York, contemplates providing for a 100% dividend to all of its creditors within a period of approximately eight months, although it has not yet filed its plan of reorganization. Additionally, the debtor contends that Lynnhaven will not be able to consummate a 100% plan of reorganization because Lynnhaven has lost a major litigation against the Norfolk Redevelopment and Housing Authority which, instead of being an asset to the estate, resulted in a claim against Lynnhaven and now seriously imperils the success of Lynnhaven's Chapter 11 reorganization.

The debtor's application for the adoption of a trust fund with respect to Lynnhaven's claim, hinges on its desire to litigate in this court the claims of the second tier subcontractors because their claims form the basis for Lynnhaven's arbitration award against the debtor. Hence, the debtor seeks authority from this court to make direct payments to the second tier subcontractor creditors of Lynnhaven rather than paying directly to Lynnhaven the $324,000 arbitration award which would fund Lynnhaven's Chapter 11 reorganization plan. Two of the three second tier subcontractors object to having to litigate in this court the amounts claimed by them in the Bankruptcy Court for the Eastern District of Virginia and in their Miller Act cases against the debtor's surety, Aetna, now pending in the District Court for the Eastern District of Virginia.

The debtor argues that a declaratory judgment establishing a trust fund with respect to the Lynnhaven claim for the benefit of the second tier subcontractors "will expedite and facilitate a resolution of these issues and permit the Debtor to complete its arrangement in an orderly manner." Debtor's Application in support of this motion, dated June 24, 1985 at 5. The debtor is also concerned that it faces the possibility of double payment since, if it is required to pay Lynnhaven's claim directly to Lynnhaven rather than to the second tier subcontractors, it might also be compelled to indemnify its surety, Aetna, if the second tier subcontractors recover from Aetna in their pending Miller Act case (or alternatively pay Aetna's subrogation claim or a possible contribution claim by J.N. Futia Company Inc. if Aetna seeks indemnification from Futia). Accordingly, the debtor asserts that the "rehabilitation of this debtor is contingent upon this Court's strength in taking hold of the affairs of this debtor and determining the matters effecting [sic] this debtor at this time." Affidavit of debtor's counsel in Opposition and Reply, sworn to August 7, 1985 at 2.

## DISCUSSION

■ The rehabilitation of this debtor is not contingent upon the strength of this court in taking hold of the affairs of this debtor. The debtor's rehabilitation depends upon the acumen of its counsel and advisors in fashioning a plan of reorganization that will meet with the acceptance of the requisite majority of its impaired creditors, as expressed in 11 U.S.C. § 1126(c) and, which will satisfy the prerequisites for confirmation delineated under 11 U.S.C. § 1129. An essential feature in this scenario is the filing of a plan of reorganization pursuant to 11 U.S.C. § 1121. The contents of such a plan may be quite flexible under 11 U.S.C. § 1123. It is not for this court to structure a plan of reorganization for the debtor; this is the obligation of the debtor and its counsel. The debtor is authorized under 11 U.S.C. § 1123(a)(1) to designate classes of claims and is directed under § 1123(a)(3) to specify the treatment of any claims or interests that are impaired under the plan. If the debtor is concerned that the Lynnhaven claim may be subject to the threat of double payment by reason of the Miller Act cases against the debtor's surety, the debtor may seek approval of a plan that defers the payment of the Lynnhaven claim until after the debtor's contingent liability under the Miller Act bond is determined. Alternatively, the debtor's plan may propose to pay the Lynnhaven arbitration award in accordance with its terms and the January 26, 1984 letter from the chairman of the Arbitration Panel to the Virginia Bankruptcy Court which accompanied the award recommending a disposition of the proceeds. The Arbitration Panel suggested that the proceeds of the award be held in an escrow account held by the Virginia Bankruptcy Court in the National Bank of Norfolk, Virginia, separate and apart from the general funds of Lynnhaven. The escrow account approach was recommended by the Arbitration Panel because they were concerned that the debtor, Capitol-York, should not be subjected to the exposure of having to pay twice under its contract with Lynnhaven "if the proceeds of the award are prematurely paid into the general funds of . . . Lynnhaven."

Exhibit "E" of debtor's Application in support of this motion dated, June 24, 1985 at 1.

In any event, the debtor's application for an order authorizing it to make payments directly to the second tier subcontractors to the extent their claims are allowed and to deduct the amounts so paid from the claim found due to Lynnhaven is premature. The debtor should first concentrate on filing an acceptable plan of reorganization.

## CROSS MOTION FOR ATTORNEYS' FEES AND COSTS

### Attorneys' Fees and Costs

Generally, a successful litigant is not entitled to recover attorneys' fees and expenses. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 759, 100 S.Ct. 2455, 2460, 65 L.Ed.2d 488 (1980); *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). However, pursuant to 28 U.S.C. § 1927, costs, expenses and attorneys' fees may be assessed personally against an attorney for engaging in frivolous litigation. This section imposes sanctions so as to discourage dilatory litigation practices and advocacy designed to burden an opponent, *see Piljan v. Michigan Department of Social Services*, 585 F.Supp. 1579, 1583 (E.D.Mich.1984), without chilling aggressive litigation and good faith assertions of colorable claims. *See Lipsig v. National Student Marketing Corp.*, 663 F.2d 178, 180–81 (D.C.Cir.1980); *Colucci v. New York Times Company*, 533 F.Supp. 1011, 1014 (S.D.N.Y.1982). Apart from 28 U.S.C. § 1927, the assertion of a claim in bad faith will support an award for attorneys' fees as an exception to the American rule barring recovery for such fees. *Shimman v. International Union of Operating Engineers*, 744 F.2d 1226, 1230 (6th Cir. 1984), *cert. denied* — U.S. ——, 105 S.Ct. 1191, 84 L.Ed.2d 337 (1985). In determining the issue of bad faith, a court must decide whether a reasonable attorney could have concluded that facts supporting the claim might be established, and not whether such facts actually had been established.

*Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir.1980). The "reasonable belief" standard does not require a showing of subjective bad faith, but only that a competent attorney could not have formed "a reasonable belief that the pleading is well grounded in fact." *Eastway Construction Corp. v. City of New York*, 762 F.2d 243 at 254 (2d Cir.1985). Moreover, Bankruptcy Rule 9011 emphasizes the responsibility of an attorney who signs a pleading, motion or other paper to conduct a reasonable inquiry into the validity of the pleading or motion before it is signed. An attorney's signature on a pleading or motion is an assertion "that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact ...; and that it is not interposed for any improper purpose, such as to harrass [sic], to cause delay, or to increase the cost of litigation." Bankruptcy Rule 9011(a).

In this case, the motion filed by the debtor's attorneys seeking a declaration that the amount claimed by Lynnhaven should be held in trust and paid directly to the second tier subcontractors rather than to the Lynnhaven Chapter 11 estate in the Bankruptcy Court for the Eastern District of Virginia is not interposed for any improper purpose or intended to delay this Chapter 11 case. On the contrary, counsel for the debtor seeks to expedite this reorganization and avoid double payment exposure for his client. However, his motion cannot be granted because it is premature and misdirected. The debtor should direct its attention to the formulation and filing of a plan of reorganization designed to accomplish the objectives contained in its motion. Therefore, Lynnhaven's cross motion for costs and attorneys' fees will be denied because there is no showing of bad faith or that the debtor's motion was interposed for an improper purpose.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

2. The debtor's motion for an order directing that certain creditors of this estate shall be deemed trust fund claimants of such amounts as may be due to Lynnhaven and determining the amounts of such claims, is denied as premature and improper.

3. Lynnhaven's cross motion for costs and attorneys' fees is denied.

SUBMIT ORDER on notice.