**In the Matter of Leonard Stuart LEVY, Jarnel Financial Services, Inc., Debtors.**

**Bankruptcy Nos. 84–B–20299, 84–B–20300.**

United States Bankruptcy Court, S.D. New York.

Nov. 12, 1985.

Platzer and Fineberg, New York City, for debtors; Jack Fineberg, of counsel.

Bader and Bader, White Plains, N.Y., for Carmel Bancorporation; I. Walton Bader, of counsel.

Hahn & Hessen, New York City, for Creditors' Committee; David I. Blejwas and Jeffrey S. Stein, of counsel.

United States Trustee, New York City; John Campo, of counsel.

## DECISION ON MOTION AND CROSS MOTION FOR AN ORDER FOR REMOVAL OF COUNSEL FOR THE CREDITORS' COMMITTEE AND REQUEST FOR EXPENSES AND ATTORNEYS' FEES.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Carmel Bancorporation ("Bancorporation"), a creditor which anticipates a challenge to its claim in these jointly administered Chapter 11 cases, seeks the removal of counsel for the creditors' committee, or in the alternative, the appointment of separate counsel, on the ground that counsel may not oppose the claim of Bancorporation. It is argued that counsel for the creditors' committee are disqualified from representing the committee when they oppose the claim of a specific creditor.

The creditors' committee maintains that Bancorporation's motion is not well-grounded in fact and law and is interposed for improper purposes, including the increase in litigation costs. Accordingly, the creditors' committee seeks expenses and a reasonable attorney's fee for opposing this motion as authorized under Bankruptcy Rule 9011.

### FACTS

Leonard Levy and his wholly owned corporation, Jarnal Financial Services, Ltd. ("Jarnel"), filed separate petitions for reorganizational relief under Chapter 11 of the Bankruptcy Code with this court on July 13, 1984. An order was entered by this court on September 18, 1984, authorizing joint administration of both cases pursuant to Bankruptcy Rule 1015(b). The joint official creditors' committee for the debtors retained the law firm of Hahn & Hessen.

Bancorporation is a public corporation which owns all of the stock of the National Bank of Carmel which, in turn, is a creditor of the debtors as a result of substantial loans to Jarnal which were guaranteed by Leonard Levy. The National Bank of Carmel became insolvent when the debtors did not repay the loans. The Federal Deposit Insurance Corporation ("FDIC") was appointed a receiver for the National Bank of Carmel and holds a claim in this capacity. Bancorporation, the holding company of the National Bank of Carmel, filed its claim in these cases for $11,368,462.50 on August 8, 1984, on the ground that the equity value of its stock was destroyed by the debtors' conduct which resulted in the insolvency of the National Bank of Carmel. The debtors listed the National Bank of Carmel as a creditor in their schedules filed with this court, but did not list Bancorporation as a creditor. Accordingly, Bancorporation was not appointed as a member of the official creditors' committee.

The debtor has announced that it intends to object to Bancorporation's claim on the theory that the claim duplicates the claim of FDIC as receiver of the National Bank of Carmel. Counsel for the official creditors' committee stated in court that they would join with the debtors in objecting to Bancorporation's claim. Accordingly, Bancorporation argues that counsel for the creditors' committee should be disqualified because this firm represents all of the creditors and may not object to the claim of any specific creditor.

### DISCUSSION

Motions for the disqualification of attorneys are not generally viewed with favor by the courts because "disqualification has an immediate adverse effect on the client by separating him from counsel of his choice [and because such] motions are often interposed for tactical reasons." *Board of Education of the City of New York v. Nyquist*, 590 F.2d 1241 at 1246 (2d Cir.1979). Bancorporation, which has retained counsel of its own selection, is not now a member of the creditors' committee and does not enjoy an attorney-client relationship with counsel for the creditors'

committee, who were retained by the committee to represent it in these jointly administered Chapter 11 cases. However, Bancorporation has filed a claim against the debtors, which, if ultimately allowed, would constitute the single largest claim against them. Bancorporation reasons that counsel for the creditors' committee owe a fiduciary duty to all creditors and may not object to Bancorporation's claim without creating a conflict of interest.

The selection and appointment of attorneys to represent or perform services for a creditors' committee is authorized under 11 U.S.C. § 1103(a). Conflicts of interest are sought to be avoided in 11 U.S.C. § 1103(b), which provides:

### § 1103. Powers and duties of committees

\* \* \* \* \* \*

(b) An attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

The last sentence in subsection (b), which allows a person representing a committttee to represent others in connection with the case, was added by the Bankruptcy Amendments and Federal Judgeship Act of 1984 Pub.L. No. 98–353, 98 Stat. 358, 384. Similar language is also contained in 11 U.S.C. § 327(c), which provides as follows:

### § 327. Employment of professional persons

\* \* \* \* \* \*

(c) In a case under chapter 7 or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor, in which case the court shall disapprove such employment if there is an actual conflict of interest.

Thus, while an attorney retained by a debtor, a trustee or a creditors' committee may also represent others with parallel interests in the case, such representation is prohibited if there is an actual conflict in interest. Bancorporation maintains that when counsel for a creditors' committee objects to a claim filed by a specific creditor an actual conflict in interest arises.

Counsel for the creditors' committee do not represent any individual creditor's interest in this case; they were retained to represent the entire unsecured creditor class. Therefore, counsel for the creditors' committee do not owe a duty to Bancorporation to maximize its interest at the expense of the remaining creditors in the represented class. To the extent that any funds are paid by these estates to an individual unsecured creditor pursuant to an otherwise objectionable claim, the remaining unsecured creditors will be deprived of funds to which they would otherwise be entitled. As stated in *Pension Benefit Guaranty Corporation v. Pincus, Verlin, Hahn, Reich & Goldstein Professional Corporation,* 42 B.R. 960 at 964 (E.D.Pa. 1984):

[Counsel to the Committee] cannot, therefore, be held to an obligation to maximize any individual creditor's interest, but they can be held to an obligation to utilize due care in the performance of the duty they expressly assumed: to administer distribution of the Class C Fund "in accordance with the law."

(footnote omitted).

In *National Boulevard Bank of Chicago v. Drive-In Development Corp. (In re Drive-In Development Corp.),* 371 F.2d 215 (7th Cir.1966) *cert. denied,* 387 U.S. 909, 87 S.Ct. 1691, 18 L.Ed.2d 629 (1967), a creditors' committee and several individual creditors filed objections to the claim filed by National Boulevard in a case under Chapter XI of the former Bankruptcy Act. The objections were disputed on the ground that the objectants did not have standing to oppose the claim because only the debtor

has the right to raise such objections. This point was rejected by the Seventh Circuit Court of Appeals, which said:

We hold that a creditor in a Chapter XI proceeding has the right to object to the allowance of another creditor's claim.

371 F.2d at 219.

 In light of the fact that a creditors' committee has the right to object to a claim filed by an individual creditor, it follows that counsel for the creditors' committee does not breach any duty owed to such individual creditor when they pursue the objection on behalf of the class of creditors which they were retained to represent. There is no actual conflict of interest in this case because counsel for the creditors' committee does not represent Bancorporation individually. Moreover, Bancorporation does not claim that counsel obtained any confidential information or improper advantage over Bancorporation as a result of their representation of the creditors' committee. *See Board of Education of the City of New York v. Nyquist,* 590 F.2d at 1246. Hence, counsel's pursuit of the objection to Bancorporation's claim does not, without more, give rise to an actual conflict of interest. Accordingly, there is no merit to Bancorporation's motion to remove counsel for the creditors' committee, or for the appointment of separate counsel to represent Bancorporation's individual interests. The request for the appointment of separate counsel for Bancorporation is merely an attempt to have these estates pay for Bancorporation's counsel fees.

## COUNSEL FEES

One of the exceptions to the general rule that parties to litigation pay their own attorneys' fees and expenses, even when successful, *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 759, 100 S.Ct. 2455, 2460, 65 L.Ed.2d 488 (1980); *Alyeska Pipeline Service, Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975), is the principle that an award of counsel fees is warranted when the unsuccessful party has acted in bad faith or for oppressive reasons. *Alyeska,* 421 U.S. at

258–9, 95 S.Ct. at 1622. Hence, an award of fees is appropriate when the losing party's claims are "entirely without color and has been asserted wantonly for purposes of harassment or delay or for other improper reasons." *Browning Debenture Holders' Committee v. Dasa Corporation,* 560 F.2d 1078 at 1088 (2d Cir.1977). Under this test a claim is "entirely without color" when it lacks any legal or factual basis. *Sierra Club v. United States Army Corps of Engineers,* 776 F.2d 383, 390 (2d Cir.1985). A court must decide whether a reasonable attorney could have concluded that the facts supporting the claim might be established, and not whether such facts had been established. *Nemeroff v. Abelson,* 620 F.2d 339, 348 (2d Cir.1980). A showing of subjective bad faith is not required; only that a competent attorney should not have formed "a reasonable belief that the pleading is well grounded in fact...." *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985); *In re Capitol-York Construction Corp.,* 52 B.R. 317 (Bankr.S.D.N.Y.1985). Pursuant to Bankruptcy Rule 9011(a), which tracks Fed.R. Civ.P. 11, an attorney's signature on a pleading or motion is an assertion "that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact ...; and that it is not interposed for any improper purpose, such as to harrass [sic], to cause delay, or to increase the cost of litigation."

 Bancorporation has not cited a single case in which an attorney for a Chapter 11 creditors' committee was disqualified from pursuing the committee's objection to a claim of another creditor in the same class. On the other hand, the creditors' committee has not cited a single case in point to the contrary. Apparently, the issue has not been litigated because it is hornbook law that a creditors' committee and individual unsecured creditors may object to the claims of other general unsecured creditors, and in so doing, they may rely upon the representation of counsel to the committee. *E.g. National Boulevard Bank of Chicago v. Drive-In Development*

*Corp. (In re Drive-In Development Corp.),* 371 F.2d 215 (7th Cir.1966) *cert. denied,* 387 U.S. 909, 87 S.Ct. 1691, 18 L.Ed.2d 629 (1967). Although this court does not find any actual conflict in interest if counsel for the creditors' committee attack Bancorporation's claim, as they propose to do, it cannot be concluded that Bancorporation's assertion of a conflict in interest is interposed in bad faith. If Bancorporation's claim is ultimately sustained it will be entitled to membership on the creditors' committee as the largest unsecured claim holder. In such case, Bancorporation's claim will adversely affect the distribution available to the other general unsecured creditors, including those committee members who originally selected the present counsel for the creditors' committee. Obviously, neither the members of the creditors' committee nor its counsel look forward to Bancorporation's participation in this case. Accordingly, there is a factual basis for Bancorporation's assertion that the interests of the creditors' committee conflict with those of its own, notwithstanding that conflicting interests among unsecured creditors will not preclude them from serving together on the same creditors' committee. *See In re Altair Airlines, Inc.,* 727 F.2d 88 (3rd Cir.1984) *(reh. denied); In re Shaffer-Gordon Associates, Inc.,* 40 B.R. 956, 12 B.C.D. 322 (Bankr.E.D.Pa.1984).

Bancorporation's motion for the removal of counsel for the creditors' committee, or in the alternative, for the appointment of separate counsel was raised in the form of a cross motion in response to the motion filed by the United States trustee pursuant to 11 U.S.C. § 1121(b) to convert this case to one for liquidation under Chapter 7 of the Bankruptcy Code. It was intended as a defensive tactic and did not cause any delay in the progress of this case. Although there is no merit to the motion, it arises out of the conflicting interests of the parties and cannot be characterized as having been filed in bad faith. Therefore, the creditors' committee's motion for expenses and attorneys' fees is denied.

## CONCLUSIONS OF LAW

1. Bancorporation's motion for the removal of counsel for the creditors' committee, or for the appointment of separate counsel is denied.

2. The creditors' committee's motion for expenses and attorneys' fees for opposing Bancorporation's motion is similarly denied.

SETTLE ORDER on notice.