In re EBP, INC., dba Epic Steel, Debtor.

Bankruptcy No. 93–12399.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Sept. 6, 1994.

Steven S. Davis, Cleveland, OH, for debtor.

Bruce W. McClain, West Lake, OH, for creditors committee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The matter before the Court is the Debtor's Motion To Strike and objection to confirmation of the Debtor's proposed plan of reorganization (the Plan) filed by the Official Creditors' Committee.

Specifically, the Plan's ballot report indicated that the unsecured claimants, *inter alia,* had voted acceptance of the Plan, notwithstanding the Committee's objection to plan confirmation. In this regard the Debtor argues that the Committee's counsel, attorney Bruce W. McClain, filed the objection on behalf of the Committee without authorization and, thusly, violated his duty as a fiduciary to the Committee. In response, the Committee's counsel argued, in part, that, as counsel to the Committee, he was a fiduciary to all of the unsecured creditors and not solely to the members of the Official Committee.

For resolution, the Court must determine whether counsel for an Official Committee of Creditors may object to confirmation of a proposed plan of reorganization whereby the ultimate balloting report shows that the class of claimants represented by such counsel votes acceptance of the Plan.

By way of chronology the Debtor's disclosure statement was approved by this Court on July 21, 1994, over the objection of the Committee. Thereupon, a confirmation

hearing on the Plan was scheduled for August 31, 1994, with August 24, 1994 set as the deadline for filing any objections to the Plan. The deadline for balloting by claimants was also set for August 24, 1994, with the ballot report's submission date being August 29, 1994. Pursuant to the aforesaid schedule, a timely objection to the Plan was filed by the Committee.

Section 1102 of the Bankruptcy Code [11 U.S.C. 1102] authorizes the establishment of both creditor and equity security holder committees. Therein, at subsection (b)(1), such committee will ordinarily consist of persons who are willing to serve who hold the seven largest claims against the debtor's estate of the type represented on such committee. Under § 1103, the Committee is authorized to employ counsel as well as other professionals upon Court approval. Section 1103 also enumerates the duties of the Committee. Among those duties, the Committee may consult with the trustee or debtor-in-possession, investigate accounts, etc., relevant to the case or the formulation of a plan and participate in the formulation of a plan. 11 U.S.C. 1103(c)(1)(2) and (3). Additionally, under § 1103(c)(3), the Committee may advise its constituents of its determination as to the formulated plan, as well as filing any acceptance or rejection thereto.

■ In the present case, the Committee was duly appointed under § 1102 and, pursuant to § 1103, the Committee retained counsel. Notedly, no language in either § 1102 or § 1103 addresses the scope of authority reposed in the Committee's counsel or other retained professionals. Retention upon Court approval is the only statutory constraint other than § 1103(b)'s requirement that such counsel may not represent an entity of adverse interest. The Debtor argued that the Committee's counsel acted outside the scope of his authority in filing an objection to the Debtor's plan. As mentioned above, the only statutory constraints are addressed under § 1103(a) and (b). None of those statutory constraints are violated or

are at issue.[1] In other respects, the Debtor has failed to adduce any evidence to show the scope of any authority which the Committee, itself, may have imposed upon its counsel. Without such, the Debtor's assertion that the Committee's counsel acted beyond the scope of his authority is not only conclusory but, is otherwise unsubstantiated. Counsel to a creditors' committee undertakes the obligation to represent the interests of the entire class fairly, not just the members of the Committee. *See, Matter of Arlan's Dept. Stores,* 615 F.2d 925, 932 (2d Cir.1979); *Berner v. Equitable Office Bldg. Corp.,* 175 F.2d 218 (2d Cir.1949).

The fact that the Class 8 unsecured claimants voted in favor of the Debtor's Plan, while the Committee filed an objection to the Plan is not necessarily incongruous.

As presented in the Plan there are seventy-two (72) nonpriority, nonsecured creditors of the Debtor's estate, totalling some $242,-506.02. The Ballot Report shows that of that total number of nonpriority unsecured claimants, only nine (9) voted for the Plan to be confirmed, while none voted against confirmation. The total nonpriority, unsecured claimants voting approval of the Plan represented a total of $58,806.54, per the Ballot Report. Clearly, a majority of the nonpriority, unsecured claimant in Class 8, for whatever reason, did not cast a ballot. As such, an unsubstantiated assertion that the Committee's counsel filed an objection to the Plan beyond the scope of his authority cannot be supported from the record. Moreover, $20,-000.00 of the $58,000.00 unsecured claims voting in favor of the Plan is an unsecured claim of an insider principal. Significantly, the largest unsecured claimant's (70%) vote is not included in the total unsecured dollar amount voting acceptance. That particular claimant also happens to be the chairman of the Committee. This additional factor militates against a finding that the Committee's counsel acted beyond the scope of his authority. At least, no evidence to the contrary was demonstrated.

1. Although the Committee's counsel also serves as counsel for one of the unsecured claimant's, that factor alone does not constitute an adverse interest pursuant to § 1103(b): "... Representa-

tion of one or more creditors of the same class as represented by the Committee shall not *per se* constitute the representation of an adverse interest." 11 U.S.C. 1103(b).

In a motion to strike a pleading, the burden of proof is upon the movant who must meet the burden by a preponderance of the evidence standard. At bar, that burden is upon the Debtor who has failed to meet its burden. No violation of a fiduciary duty of the Committee's counsel is found herein. *See, Pension Benefit Guar. v. Pincus, et al.,* 42 B.R. 960, 963–964 (E.D.Pa.1984); *Matter of Celotex Corp.,* 123 B.R. 917, 920 (Bankr. M.D.Fla.1991); *Matter of Oliver's Store's, Inc.,* 79 B.R. 588 (Bankr.N.J.1987); *In re Mesta Machine Co.,* 67 B.R. 151, 156 (Bankr. W.D.Pa.1986). *Matter of Levy,* 54 B.R. 805, 807–808 (Bankr.S.D.N.Y.1985) ("It is hornbook law that a creditor's committee may object to claims of other general unsecured creditors and, in so doing, they may rely upon the representation of counsel to the committee"), *citing, In re Drive–In Development Corp.,* 371 F.2d 215 (7th Cir.1966), *cert. denied,* 387 U.S. 909, 87 S.Ct. 1691, 18 L.Ed.2d 626 (1967).

Accordingly, the Debtor's Motion To Strike is hereby denied.

IT IS SO ORDERED.